# Wright *v.* Bentley Lumber Co., *et al.*

*Trespass and Statutory Penalty.*

(Decided May 21, 1914.   65 South. 353.)

1. *Trespass; Cutting Timber; Prima Facie Case.*—Evidence of plaintiff's title to land, and the cutting of timber by hands of defendant, and the removal of the same, and of injury to the freehold by hauling, together with evidence of the amount of damages done to the land, made out a prima facie case of trespass for injury to land, and for the wrongful cutting of timber therefrom.

2. *Same; Punitive Damages; Malice.*—Where plaintiff alleged malicious trespass, and claimed punitive damages, it was competent to prove that plaintiff's husband pointed out the line to the hands of defendant and showed them where to cut the timber, as negativing malice, although the husband acted without authority in doing so.

3. *Logs and Logging; Standing Timber; Conveyance; Effect.*— Where plaintiff conveyed and defendants acquired through a chain of deeds all the merchantable pine timber standing on certain described land on Aug. 21, 1906, defendant acquired title to the timber only that was growing and standing on the land on the date specified, but did not acquire title to the timber not then merchantable, although it might thereafter become so, and had become so at the time of the cutting.

4. *Same; Right to Remove; Termination.*—Where the time for removing the timber was limited to four years from date of convey-

[Wright v. Bentley Lumber Co., et al.]

ance, defendants were not entitled to go on the land to remove the timber after the expiration of the period without plaintiff's consent, although they were owners of all the merchantable pine timber grow- ing on the lands at the time of the conveyance, and were therefore, liable for any injury done to the lands in removing their timber after the expiration of the license period.

5. *Same; Merchantable Pine Timber.*—Where defendants acquired title to all the merchantable pine timber growing on certain described lands on a certain date, with the right of removal therefrom for four years, the burden was on them to show that the timber cut and removed by them was merchantable pine timber such as was ordi- narily used for manufacture and sale in that locality, the suit being to recover damages for injuries to the lands, and for cutting timber therefrom after the expiration of the removal period.

6. *Deeds; Acknowledgment; Defects.*—Where the separate acknowl- edgment of the wife to a timber deed was not questioned, and the deed was legally attested as to the signature of both her and her husband by the requisite number of subscribing witnesses, the omis- sion from the joint acknowledgment of the word "they" did not affect the validity of the deed, but merely affected its use as evidence.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by Louisa Wright against the Bentley Lum- ber Company and others for trespass to land and the statutory penalty of cutting trees. Judgment for de- fendants, and plaintiff appeals. Reversed and remanded.

The first count was for the statutory penalty; the second count claimed for cutting and carrying away timber, to wit, 499 trees and saplings during the month of April, 1911; the third count claimed for trespass in driving over and cutting up with wagons and vehicles, and making roads and wagons ruts on and through said lands, causing the same to wash and otherwise destroy the soil; and the fourth count was under the common counts combined.

M. W. RUSHTON, for appellant. The action of the husband in pointing out the line is not binding upon plaintiff in the absence of ratification.—*Clement v. Draper*, 108 Ala. 211; *Scott v. Cotton*, 91 Ala. 623. The period of removal was four years from August 21, 1906,

and the evidence shows the trespass to have been committed in the spring and summer of 1911. Hence, the deed from the Wrights to Stokes, Abel and others, was not admissible, as defendants were only entitled to the timber that was merchantable at the date of the deed. —*Jacobs v. Roach,* 161 Ala. 203. The acknowledgment was also defective. § 3361, Code 1907. The land belonged to the wife and she is not bound by the deed or the warranty therein as to her separate estate.—*Prior v. Loeb,* 119 Ala. 450; *Curry v. Am. Mtg. Co.,* 107 Ala. 429; *Gibson v. Clark,* 132 Ala. 370. Counsel discuss the charges given or refused.

FRANK B. BRICKEN, for appellee. The legal title to the timber was in the defendants with the right of removal subject to liability for any damages done the freehold.—*Zimmerman M. Co. v. Daffin,* 149 Ala. 380; *Goodson v. Stewart,* 154 Ala. 660. Under these authorities, the court properly held the title to be in defendant, and submitted the question of injury to the jury, which decided against appellant. The acknowledgment was not so defective as to render the deed inadmissible.—*Frederick v. Wilcox,* 119 Ala. 355. It was the duty of the court to pass on the deed and to construe it, and hence, it cannot be said that this action of the court was a charge upon the effect of evidence.—*Thomas' Case,* 150 Ala. 42.

ANDERSON, C. J.—The plaintiff proved title to the land and the cutting, by the defendants' hands, of a number of trees or saplings, and the removal of same, as well as injury to the freehold in hauling over same. There was also proof of the amount of damages done the land as a result of the trespass. This evidence made out a prima facie case for the plaintiff.

[Wright v. Bentley Lumber Co., et al.]

The defendants, however, established title to all the "merchantable" pine timber as was standing on the land on August 21, 1906, by a chain of deeds running from the plaintiff to the defendants. Under the influence of the case of *Zimmerman Co. v. Daffin*, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58, this gave the defendants the title to all merchantable pine timber that was growing and standing upon the land on said 21st day of August, 1906; but, we may add, that did not include timber not merchantable at that time, but which may have become so at the time of the cutting.

The deed also gave the defendants, and their predecessors, the right to enter the land and cut and remove the merchantable pine timber during four years from the date of said conveyance, and which said time expired August 20, 1910. Therefore, after the expiration of said four years, the defendants were the owners of all pine timber that was merchantable and growing on the land on August 21, 1906, but they had no right to go upon the land to remove same after the expiration of four years without the consent of the plaintiff, and were liable for any injury done to the land as well as for cutting and removing any timber not covered by the deed of August 21, 1906.

As to what was merchantable pine timber in 1906, was a question of proof, and it was incumbent upon the defendants to show that the timber cut and removed by them came within the deed under which they were claiming. "Merchantable pine timber" referred to the sale and manufacture of pine timber, and included such timber as was ordinarily used for sale or manufacture in that locality.—*Tenny v. Mulvaney*, 9 Or. 415. The trial court erred in so much of its oral charge as instructed the jury that the defendants had the legal title to all

merchantable timber standing on the land. The defendants' title should have been confined to the merchantable trees as were standing on the land on August 21, 1906.

There was no error in permitting the defendants to prove that the plaintiff's husband pointed out the lines to the defendants' hands and showed them where to cut, as this should go to the question of punitive damages under the trespass counts. If the husband consented to the entry, it should be considered by the jury in determining whether or not the defendants wrongfully entered upon the land, and whether or not there was such a malicious trespass as would warrant punitive damages. It may be true that any consent of the husband to the taking of the wife's property, unless authority from her be shown, would not be binding on the wife, and it may be questionable as to whether or not anything short of a conveyance from her would justify the taking of trees not embraced in the defendants' deeds. Yet his consent should certainly be admissible when the entry involves malice. The trial court properly refused the general charge for the plaintiff as to count 3, as it was solely for damages done to the land by the wrongful entry upon the same, and the hauling over same, and there was evidence from which the jury could infer the consent of the husband to the entry, and it was a question for the jury as to whether or not the land was damaged by virtue of hauling over same.

The trial court erred in giving the general charge as to count 1, for the defendants, as it was a question for the jury as to whether or not the defendants were liable under the statutory penalty. Whether or not the cutting was under a bona fide claim of right and ownership or was willfully and knowingly done was a question for the jury.

We doubt if the omission of the word "they" from the joint acknowledgment of the deed from William and

[Wright v. Bentley Lumber Co., et al.]

Louisa Wright to Stokes & Parrish was a material defect.—*Frederick v. Wilcox*, 119 Ala. 355, 24 South. 582, 72 Am. St. Rep. 925. Moreover, if this acknowledgment was defective, it did not affect the validity of the deed, as the separate acknowledgment of the wife is not questioned, and the deed was legally attested both as to her and the husband by subscribing witnesses. So this defect, if such there was, did not affect the validity of the deed, but merely affected the use of same as evidence, and no objection was made to same upon the theory that the acknowledgement was defective, and it was not therefore selfproving. It was not subject to the grounds of objection assigned to same, and, had an appropriate objection been made, the defendants could, no doubt, have proved the execution as to the husband by a subscribing witness.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.