# West v. Maddox, et al.

## Trover and Conversion.

(Decided June 3, 1915.   69 South. 101.)

*Logs and Logging; Standing Timber; Reinvesting Title in Vendor.*—Where, under the contract, the purchaser has the right to remove timber until a designated future date, the timber having been so sold, the vendor is not reinvested with title to the timber standing after the expiration of the time limit for the removal of the timber.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Mollie C. West against J. T. Maddox and others for the conversion of pine and oak timber and cedar poles. From a judgment for defendants, plaintiff appeals. Affirmed.

The contract referred to was entered into by J. H. West and Mollie C. West, individually, and Mollie West as guardian, with J. E. Butler, for the rent and lease to Butler of their farm on the Tennessee river in Marshall county for a term of three years, ending January 1, 1916, at the price of $500 per year. Butler placed Maddox in possession of the land, and Maddox is now in possession of it; and while Maddox was in possession West and wife made a contract with a man by the name of Bennett for the sale of certain timber, and giving him till January 1, 1912, to remove the timber. In

[West v. Maddox, et al.]

December Maddox came to plaintiff with the request for more time in which to get the timber to the river, as he had taken a contract from Bennett to place the timber on the river; but he declined and refused to give the permission, and stuck up notices forbidding Maddox or any one else from moving the timber. The proof showed the cutting of other timber besides the cedar timber, consisting of pine and oak.

WILLIAM C. RAYBURN, for appellant.

No counsel marked for appellee.

ANDERSON, C. J.—The appellant makes no point on this appeal that the cedar timber removed by the appellee Maddox was not covered by the contract of sale; that it was not merchantable timber as described in the timber contract of sale executed by the plaintff August 26th, 1910, so as to bring this case within the influence of *Wright v. Bentley Co.,* 186 Ala. 616, 65 South. 353. The contention is that the contract of sale should be so construed as to reinvest the plaintiff with the title after the expiration of the time limit fixed in the contract within which the grantee should remove same. This question has been decided adversely to this contention in the case of *Zimmerman Co. v. Daffin,* 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58, and which said case has been repeatedly cited and followed by this court. See *Shepherd v. Mt. Vernon Co.,* 192 Ala. 322, 68 South. 880. It is true this case is opposed by the decisions of many of the courts, yet it is supported by a considerable number also, and we are not disposed to overrule same, as it is stare decisis. The *Daffin Case, supra,* was decided and followed several years before the execution of this contract, and the

parties thereto presumptively entered into the same subject to the construction placed upon similar ones by the decisions of this court. As the plaintiff had no interest in or title to the cedar timber in question, the trial court did not err in giving the general charge as to said cedar timber for the defendants.

It is suggested that the Bennett Company waived its right to remove the timber after January 1, 1912, and that the effect of this was to reinvest the plaintiff with the ownership. This they could possibly have done; but the only evidence on the subject tends to establish a grant of their right to Maddox, and there is nothing to indicate that they surrendered or waived their right in favor of the plaintiff.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.