(75 South. 308)

### MILLER–BRENT LUMBER CO. v. DILLARD. (4 Div. 703.)

(Supreme Court of Alabama. April 19, 1917.)

1. LOGS AND LOGGING ☞3(10)—STANDING TIMBER—CONVEYANCES—EFFECT.

A contract of the ordinary kind for the sale of timber, to run for five years, conveyed only the merchantable timber standing on the land at the time of its execution, and not such as may have become merchantable just prior to the expiration of the five-year period.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. § 9.]

2. TRESPASS ☞44—CUTTING TIMBER—BURDEN OF PROOF.

In trespass for injuries to land, conversion of timber and for the penalty for cutting trees, after plaintiff proved the cutting and removal of his timber, the burden was on defendant to prove that such timber was embraced in his timber contract.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 112–115.]

3. TRESPASS ☞67—REMOVAL OF TIMBER—QUESTION FOR JURY.

In such case, where defendant did not prove that all the trees were within the contract size, defendant's liability for cutting trees not in the contract was for the jury.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 150.]

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by Moses Dillard against the Miller-Brent Lumber Company, for trespass to land, conversion of timber, and for the penalty for cutting trees. Judgment for defendant and plaintiff appeals. Transfered from the Court of Appeals under section 6, Acts 1911, page 449. Affirmed.

The contract was of the ordinary character for the sale of merchantable timber standing upon certain land, made in the year 1909, and to run for five years. The following charges were refused to defendant:

(A) "The court charges the jury that if they believe the evidence plaintiff is not entitled to recover any damages claimed for cutting the 234 trees referred to in the complaint." (C) Affirmative charge as to the first count. (E) Affirmative charge as to the second count.

Count 5 was for knowingly and willfully cutting down without the consent of plaintiff 234 pine trees. The special plea to this count, No. 3, is that defendant cut down said trees referred to in said count in good faith and under claim and right of ownership, claiming in good faith that said trees were merchantable timber, and that they were conveyed by a deed executed by plaintiff to defendant on May 19, 1909.

Henry Opp and Powell, Albritton & Albritton, all of Andalusia, for appellant. A. Whaley and Jones & Powell, all of Andalusia, for appellee.

ANDERSON, C. J. [1-3] This case is largely controlled as to law and facts by the case of Wright v. Bentley Lumber Co., 186 Ala. 616, 65 South. 353. The contract conveyed only the merchantable timber standing upon the land at the time of its execution, and not such that may have become such just prior to the expiration of the contract, which covered a period of five years for the removal of the timber that the defendant bought. After the plaintiff proved the cutting and removal of his timber the burden was upon the defendant to prove that said timber was embraced in the contract, and to do this it had to show that the trees so cut and removed constituted merchantable timber when the contract was made in 1909 and not 1914. It may be that defendant proved that this character of timber was of a merchantable class in 1909, though the plaintiff's evidence controverted this fact, yet the defendant did not prove that all the trees were within the size to be merchantable in 1909. Indeed, it did not show this fact as to all of it in 1914. The witness Matheney testified:

"I took a crew of men and cut down everything with them that was big enough to haul off the land."

It was therefore a question for the jury as to whether or not the contract included the timber cut and removed. It was also a question for the jury as to the defendant's liability for making ruts in the land and causing the same to wash, for it only had the right to go upon the land and haul timber that was bought, but not to haul timber not in the contract of purchase.

There was no error in refusing defendant's requested charges A, C, and E.

There was no error in refusing the general charge as to count 5. It was open to the jury to find that the cutting was willful.

----

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

There was no reversible error in striking defendant's special plea 3 to count 5. Whether good or not the facts set up were provable under the general issue, and which was interposed to each count.

We have considered all the points argued by appellant's counsel, though it can serve no good purpose to discuss each of them, as those not discussed possess as little merit as those discussed. We find no reversible erorr in the record, and the judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.