(92 South. 267)

**BEST et al. v. PARSONS et al.  (6 Div. 572.)**

(Supreme Court of Alabama.  Jan. 12, 1922.)

1. **Injunction 62(2)—Equity will prevent violation of lease in proper case.**

Equity will intervene in a proper case for the protection of the lessor, or of the lessee, against a violation of the covenants of the lease, thus in effect enforcing specific performance of the contract.

2. **Injunction 62(2)—Remedy by dispossession for subletting is not adequate.**

The lessor's remedy for a subletting of the premises by forfeiting the lease as permitted by its terms, and dispossessing his lessee, thereby losing the advantages of his lease when perhaps it will be difficult to procure another tenant, is not adequate, so that equity can enjoin the subletting.

3. **Injunction 62(2)—Equity to restrain subletting is not aided by allegations as to use of the premises.**

The equity of a lessor to restrain a subletting of the premises contrary to the terms of the lease is not aided by allegations of the bill that the occupant of one portion of the premises under the subletting had engaged in business which competed with that of the occupant of the other portion, thereby diminishing the value of other portion for that business, which did not affect in any way the legal rights of the lessor.

4. **Injunction 114(2)—Agent of lessor is not proper complainant to enforce lease.**

One who acted merely as agent for the lessors in making the lease has no such interest as permits his joinder as party complainant in a bill to enforce the covenant of the lease against subletting.

5. **Injunction 114(2)—Joint lessor is necessary party to bill to enforce lease.**

Where premises had originally been leased to complainant and another, a bill by complainant to enforce a clause in a sublease of the premises against further subletting, which did not show that complainant had acquired the interest of his colessee under the original lease, was defective for failure to join the colessee as a party complainant.

6. **Injunction 118(3)—Subtenant held necessary party to suit to enjoin occupation by others in violation of lease.**

In a suit to enjoin occupancy of premises by persons under a subtenant of complainants, based on a violation of provision against subletting in the lease to the subtenant, the subtenant was a necessary party defendant.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by Joseph H. Parsons, Jr., and E. G. Terry against Fred W. Best and Normand Hardin, to restrain respondents from occupying certain premises. From a decree declining to dismiss the bill, and overruling demurrers thereto, respondents appeal. Reversed, rendered, and remanded.

The bill of complaint alleges that Joseph H. Parsons, Jr., and one Samuel C. Harrell, who is not a party to the bill, have acquired by assignment from the original lessees a 5-year lease to a certain storehouse in Bessemer, terminating on December 31, 1922; that on January 15, 1920, complainants through their agent, E. G. Terry (who appears to be a party complainant to the bill), subleased to one W. F. Jones the lower floor of the building for the remainder of said term, the lessee covenanting not to assign or sublease without the written consent of his lessor, with the further stipulation that for the breach by the lessee of any condition of the lease the lessor could, at his option, enter the premises and annul the lease. It is further alleged that said Jones has divided the store floor into two parts, one being used as a restaurant and the other as a sale room for secondhand clothing and that said Jones has leased both parts, or has assigned his lease to other parties on terms not known to complainants; that the respondents now occupy the part which was used for the clothing business, and have abandoned that business and opened a restaurant or lunch stand, and that they are paying rent to the occupants of the other subdivision. It is alleged further that the respondents are interfering with the rights of the complainants, in that they are competing with the other tenant in the restaurant business, and taking the trade that belongs to him, and thereby destroying the rental value of the adjacent subdivision, which also

---

belongs to complainant. It is further alleged that the complainants are paying the full rent on said premises to their lessors, and are collecting the rents for the whole of said premises from the lessees.

The demurrers were for want of equity in the bill, and for other grounds which are sufficiently set out in the opinion. The prayer is for general relief, and for a perpetual injunction against Best and Hardin further occupying the subdivision of the building nearest First avenue.

Ben G. Perry, Arthur Green, J. A. Lipscomb, H. P. Lipscomb, all of Bessemer, and T. J. Lamar, of Birmingham, for appellants.

The affidavit is not sufficient. 142 Ala. 604, 39 South. 29. One who seeks equity must do equity. 171 Ala. 533, 54 South. 881. It is not shown that one of the complainants has any interest in the subject-matter. 171 Ala. 533, 54 South. 881. Complainants have a plain and adequate remedy at law. 154 Ala. 634, 45 South. 665, 129 Am. St. Rep. 71; 5 Michie's Digest, 474.

McEniry & McEniry, of Bessemer, for appellees.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] It is the settled rule in this state that courts of equity "will * * * intervene for the protection of the lessor, or of the lessee, in a proper case, against a violation of the express or implied covenants of the lease, thus in effect enforcing specific performance of the contract." McDaniel v. Callan, 75 Ala. 327, 329; Woolworth Co. v. Nelson, 204 Ala. 172, 85 South. 449, 13 A. L. R. 820. There can be no question as to the equity of the bill here exhibited, unless complainants have an adequate remedy at law, which is in fact the main ground of objection presented by the demurrer.

[2] The lease executed by complainants to the lessor of respondents contains a covenant against subleasing or assigning without the written consent of complainants; and for a breach of that covenant complainants may, by express agreement in the lease, reenter the premises and terminate the lease, if he chooses to do so. But to exercise that option, which is, of course, enforceable in a court of law, complainants must, by its very terms, put an end to the lease, and discharge their immediate lessee from further obligation thereunder, thus leaving themselves without a tenant, and possibly at a season when a desirable and profitable tenant cannot be secured. Such a recourse and such a remedy cannot be regarded as adequate for the protection of the lessors' right to prevent the alienation of the leasehold, for it would involve a surrender of all their rights under their contract with the lessee, Jones. We hold that the complainant Parsons is entitled to a specific performance of the covenant in question, and in that behalf to a mandatory writ of injunction, if the proper parties complainant and defendant are before the court.

[3] That equity of the bill, it must be observed, is not aided by the allegations of injury to the restaurant business of the tenants who occupy the adjoining subdivision of the premises—an injury which, so far as appears, does not affect in a legal sense any right of complainants. As to parties, the bill is patently defective in two respects.

[4, 5] The complainant Terry was but an agent of the complainant Parsons in making the lease to Jones, and has no such interest in the premises as to permit his joinder as a party complainant. On the other hand, the bill shows that Parsons and one Sam C. Harrell acquired the leasehold jointly, and it does not appear that Harrell has ever disposed of his interest. He is therefore a necessary party complainant.

[6] Again, it appears that the only other party to the lease here sought to be protected is W. F. Jones, the tenant in chief of complainants, under whom the respondents claim as subtenants or assignees only. As between the subtenants and their lessor, Jones, the sublease or suboccupancy, whatever its character, is valid and binding, and no decree can be rendered effectively enforcing the terms of the lease to Jones unless he is brought before the court as a party defendant to the bill.

For the misjoinder and the several nonjoinders above pointed out the bill is subject to several grounds of demurrer, which make the objections aptly, and the trial court erred in overruling the demurrer.

The decree overruling the demurrer will be reversed, and a decree will be here rendered sustaining the demurrer as to the grounds above noted.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.