(107 So. 67)

MAY v. LOWERY et al. (I Div. 386, 386A.)

(Supreme Court of Alabama. Dec. 17, 1925. Rehearing Denied Jan. 21, 1926.)

1. Estoppel ⊚⟞⟝38—Where one, by warranty deed, sells standing timber, additional rights obtained by him under subsequent contract inure to purchaser under warranty deed.

Where one by warranty deed sells standing timber, rights obtained by him in the timber under subsequent contract with owner of land inure to purchaser under warranty deed.

2. Logs and logging ⊚⟞⟝3(I)—Rights obtained by one under contract for sale of standing timber, not witnessed or acknowledged, are equitable.

Rights obtained by one under contract for sale of standing timber, not witnessed or acknowledged, are equitable.

3. Injunction ⊚⟞⟝118(3)—Bill showing cutting of timber not included in contract for sale of timber held to show permanent injury to substance of estate.

Bill in equity, showing cutting of timber not included in contract for sale of timber, and threatened continued cutting thereof on land purchased for purpose of growing timber, discloses permanent injury to substance of estate, and financial status of defendant is not material.

4. Injunction ⊚⟞⟝52—Bill to enjoin cutting of timber, not included in sale and for accounting, held not subject to objection that proper remedy was in ejectment with injunctive relief.

Bill to enjoin cutting of timber, not included in sale contract and for accounting, held not subject to objection that proper remedy was in ejectment with injunctive relief in aid thereof.

5. Injunction ⊚⟞⟝52—Bill to enjoin cutting of timber in violation of covenant forbidding grantee from cutting additional timber after taking a portion thereof held not demurrable.

Where sale contract provided that after grantee had removed timber from any subdivi-

sion of land he should not thereafter cut and remove any timber of same kind from such subdivision, bill to enjoin recutting of subdivision in violation of covenant held not demurrable.

6. Injunction ⊚⟞⟝52—Covenant against recutting timber land after taking any part of timber included in contract may be enforced by injunctive process in favor of grantor or successor to his title.

Covenant in timber contract, that after grantee had removed timber from any subdivision he should not thereafter cut and remove any timber of same kind from such subdivision, though not technically one running with land, may be enforced by injunctive process against any one having notice thereof by grantor or his successors.

7. Injunction ⊚⟞⟝52—Bill to enjoin cutting of timber not included in contract and for accounting held not subject to demurrer on theory that court of equity would be required to superintend cutting of timber.

Bill to enjoin cutting of timber not included in contract of sale and for accounting, held not subject to demurrer on theory that court of equity would be required to superintend cutting, which would require much skill and extend over considerable period of time.

8. Equity ⊚⟞⟝39(3)—Where court of equity has assumed jurisdiction to enjoin cutting of timber not included in contract for sale, it will retain jurisdiction for an accounting for timber cut.

Where court of equity has assumed jurisdiction to enjoin cutting of timber not included in contract for sale, it will retain jurisdiction for an accounting for timber cut.

9. Equity ⊚⟞⟝39(2)—Where court of equity has assumed jurisdiction for injunctive relief, it will retain bill for all purposes necessary to complete determination and settlement of matters involved, though they be of purely legal nature.

Where court of equity has assumed jurisdiction for injunctive relief, it will retain bill for all purposes necessary to complete determination and settlement of matters involved, though they be of purely legal nature.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Ben May against H. G. Lowery and George M. Rosengrant. From a decree on demurrer, both parties appeal. Affirmed on cross-appeal; reversed and remanded on original appeal.

See, also, 104 So. 5, 213 Ala. 66.

Smiths, Young, Leigh & Johnston, of Mobile, for appellant.

If complainant is entitled to relief under any aspect of the bill, the demurrers to the whole bill should be overruled. Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105; Norville v. Seeberg, 205 Ala. 96, 87 So. 164; Strickland v. Strickland, 206 Ala. 452, 90 So. 345. The effect of the grant by Rosengrant

to Boykin was to vest in the latter all the right of the former in timber which was of the dimensions stated at the date of the grant. Miller-Brent v. Dillard, 201 Ala. 18, 75 So. 308; Wright v. Bentley. Lbr. Co., 186 Ala. 617, 65 So. 353; Jasper Land Co. v. Manchester Co., 209 Ala. 446, 96 So. 417; Smith v. Morris, 181 Ala. 279, 61 So. 276. The rights of Rosengrant under the contract of February 2, 1920, inured to Boykin under said grant. Parker v. Marks, 82 Ala. 548, 3 So. 5; Prewitt v. Ashford, 90 Ala. 294, 7 So. 831; Hall v. Slaughter, 155 Ala. 626, 47 So. 103. In so far as Lowery's rights depend upon the contract of February 2, they are equitable. Bethea v. McCullough, 195 Ala. 486, 70 So. 680; Goodlett v. Hansell, 66 Ala. 151; Zimmerman v. Daffin, 149 Ala. 380, 42 So. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; Miller v. Smith, 202 Ala. 449, 80 So. 833. The law presumes an irreparable injury to the inheritance by the taking of timber not within the stated dimensions. Woolworth v. Nelson, 204 Ala. 172, 85 So. 449, 13 A. L. R. 820; O'Rear v. Aaron, 204 Ala. 550, 86 So. 535; Tidwell v. Hitt Lbr. Co., 198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232. To enjoin such taking it was not necessary to allege insolvency of defendant. Cobia v. Ellis, 149 Ala. 108, 42 So. 751; 14 R. C. L. 445, 460; 32 C. J. 137, 189. That injunction will not issue, when the enforcement requires the exercise of skill and constant supervision, does not apply to negative writs such as are sought by this bill. Hendricks v. Hughes, 117 Ala. 591, 23 So. 637; Brassfield v. Burnwell Coal Co., 180 Ala. 185, 60 So. 382; Best v. Parsons, 207 Ala. 115, 92 So. 267; 32 C. J. 188. When the court assumes jurisdiction to prevent a nuisance or trespass, it will retain the bill and do complete justice. Whaley v. Wilson, 112 Ala. 627, 20 So. 922; Ala. T. & N. v. Aliceville L. Co., 199 Ala. 401, 74 So. 441; McCary v. McLendon, 195 Ala. 498, 70 So. 715; Houston Canning Co. v. Virginia Canning Co., 211 Ala. 232, 100 So. 104, 35 A. L. R. 912.

Harry T. Smith & Caffey, of Mobile, for appellees.

The title to the timber vested in the appellee by mesne conveyances. Miss. River Co. v. Miller, 109 Wis. 77, 85 N. W. 193; Starnes v. Boyd, 101 Ark. 469, 142 S. W. 1143; Brown v. Bishop, 105 Me. 272, 74 A. 724. The clauses in the conveyances relied upon by appellant do not provide for reversion of this title, but constitute a mere independent stipulation, the breach of which might support an action at law. Zimmerman v. Daffin, 149 Ala. 380, 42 So. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; Vizard v. Robinson, 181 Ala. 349, 61 So. 959; Advance Veneer Co. v. Hornaday, 49 Ind. App. 83, 96 N. E. 784; Hinton v. Vinson, 180 N. C. 393, 104 S. E. 897; Lowery v. May, 213 Ala. 66, 104 So. 5. The court should attribute to the parties an intention consistent with reason, and so construe their contract. Rutland v. Emanuel, 202 Ala. 269, 80 So. 107; Harris v. Parker, 41 Ala. 615; Corbett v. Joannes, 125 Wis. 370, 104 N. W. 69; Bethea v. McCullough, 195 Ala. 480, 70 So. 680. The stipulation relied upon was independent, and did not run with the land; hence it is immaterial whether it was violated or not, so far as defendant's right to cut is concerned. Long v. Nadawah, 202 Ala. 523, 81 So. 25. Discontinuance of cutting and removing timber at times did not amount to an abandonment. McMillan v. Aiken, 205 Ala. 37, 88 So. 135. The plaintiff's remedy is by action in ejectment and injunction. Irwin v. Shoemaker, 205 Ala. 13, 88 So. 129; Hamilton v. Brent Lbr. Co., 127 Ala. 78, 28 So. 698. Mere allegation of irreparable injury is not enough to justify the injunction. Hitt Lbr. Co. v. Cullman, 189 Ala. 13, 66 So. 720. A court of equity will not undertake to supervise the performance of a contract extending over a long period of years and involving the exercise of skill and discretion. Bromberg v. Eugenotto Const. Co., 158 Ala. 323, 48 So. 60, 19 L. R. A. (N. S.) 1175; Smith Lbr. Co. v. Jernigan, 185 Ala. 125, 64 So. 300, Ann. Cas. 1916C, 654; Bridgeport Co. v. Am. Car Co., 94 Ala. 592, 10 So. 704; St. L. M. & M. Co. v. Montana M. Co., 58 F. 129; New Haven R. Co. v. I. C. C., 200 U. S. 361, 26 S. Ct. 272, 50 L. Ed. 515; Swift & Co. v. U. S., 196 U. S. 407, 25 S. Ct. 276, 49 L. Ed. 518.

GARDNER, J. The bill in this cause was filed by appellant, seeking injunctive relief against the cutting of certain timber on lands owned by complainant in fee, and for an accounting for timber cut. The title to the property was originally in one Milner, from whom complainant purchased. Prior to such purchase Milner had entered into two contracts with one Rosengrant as to the disposition of timber on said lands of specified kind and dimension—the first bearing date November 28, 1919, and the second that of February 2, 1920, which latter agreement was not witnessed or acknowledged.

On January 28, 1920, Rosengrant sold to one Boykin, by warranty deed, all the hardwood timber on said lands except the oak, cottonwood, and ash trees capable of being converted into logs that will measure 16 feet and over in length, and 12 inches and over in diameter at the small end of the log.

The defendant Lowery succeeded, through mesne conveyances, to the rights of Boykin under these contracts. Though Rosengrant is also a party defendant and interposed demurrers, for the purpose of this appeal a consideration of the demurrer of defendant Lowery will suffice.

The bill as originally framed was brought to this court for review on demurrer to the bill. Lowery v. May, 104 So. 5.[1] Upon re-

---

[1] 213 Ala. 66.

mandment of the cause the bill was amended and demurrers interposed to the bill as a whole and to certain aspects thereof. The demurrers to the bill as a whole were overruled, and others to certain aspects of the bill were sustained. From this decree complainant prosecuted this appeal, and defendant Lowery has brought a cross-appeal to review the decree in so far as the demurrer to the bill as a whole was overruled.

By the contract of February 2, 1920, that of November 28, 1919, was materially changed as to the dimensions of the timber as well as other respects, and the period of time for removal of the timber was extended from June 10, 1928, to January 1, 1930. The contract of February 2, 1920, contained the following clause, which in substance was also embraced in that of November 28, 1919:

"After the grantee has cut and removed from any subdivision or part of a subdivision (a subdivision for the purpose of this grant being taken to be ten acres in a body) of said lands hereinabove described any timber of any kind which the grantee is herein authorized to cut and remove, the grantee shall not thereafter cut and remove any other timber of the same kind from said subdivision or part thereof."

[1, 2] Rosengrant, in the contract of January 28, 1920, warranted the title to the timber to Boykin, and therefore any rights obtained by him under the contract of February 2, 1920, inured to Boykin. The contract of February 2, 1920, was not witnessed or acknowledged, and defendant Lowery's rights therein are equitable (Bethea v. McCullough, 195 Ala. 486, 70 So. 680), while those obtained under the contract of November 28, 1919, are legal. The timber conveyed to Boykin and authorized to be taken under the conveyance of January 28, 1920, was of the dimensions hereinbefore stated, and his rights thereto were confined to timber of those dimensions of that date. Miller-Brent Lbr. Co. v. Dillard, 201 Ala. 18, 75 So. 308; Wright v. Bentley Lbr. Co., 186 Ala. 617, 65 So. 353; Jasper Land Co. v. Manchester Sawmill Co., 209 Ala. 446, 96 So. 417.

We need enter into no detailed statement as to the various clauses of the several contracts here in question, as they are sufficiently set forth and discussed in the opinion on former appeal.

Considering first the demurrer to the amended bill as a whole, we are of the opinion the demurrer was properly overruled.

[3] Some of the averments of the bill show a cutting of timber not included in the purchase, and a threatened continued cutting of other timber not so included. The bill shows this land was purchased as an investment in timber, and for the purpose of growing timber thereon. These averments disclose a permanent injury to the substance of the estate, such an injury as is irreparable under the recent decisions of this court; and in a bill of this character the financial status of the defendant is not material. Tidwell v. H. H. Hitt Lbr. Co., 198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232.

[4] Counsel for appellee insist the remedy is in ejectment with injunctive relief sought in aid thereof, citing Hamilton v. Brent Lumber Co., 127 Ala. 78, 28 So. 698, and Irwin v. Shoemaker, 205 Ala. 13, 88 So. 129, among other authorities. We are of the opinion this line of authorities is without application to the instant case. There is not here presented an issue of legal title, but where one, rightfully in possession for certain purposes, abuses that right to the permanent and irremediable injury of the inheritance. Jasper Land Co. v. Manchester, 209 Ala. 446, 96 So. 417; Tidwell v. H. H. Hitt Lbr. Co., supra; Woolworth v. Nelson, 204 Ala. 172, 85 So. 449, 13 A. L. R. 820; O'Rear v. Aaron, 204 Ala. 550, 86 So. 535.

[5, 6] Coming to the aspect of the bill to which demurrer was sustained, we conclude there was error. This aspect relates to injunctive relief against a recutting of certain subdivisions as in violation of the covenant contained in the contracts to Rosengrant, which has been heretofore set out. The meaning and effect of this covenant was fully discussed on former appeal. It was held not to be a covenant that runs with the land, but in response to the application for rehearing on that appeal the authorities were cited to the effect that, where the remedy at law is "inadequate by reason of a threatened breach resulting in a recognized irreparable injury, * * * the subject-matter has been * * * protected by a court of equity, and its restraining processes." The covenant here in question is a restrictive covenant, and that it was entered into for the purpose of protecting the substance of the estate retained by the grantor is clear, as was pointed out on former appeal, wherein the court said:

"The purpose of the stipulation in question was to define and preserve to the grantor the future growth of the timber upon and not taken when the given area is substantially cut and overlogged according to the methods or conduct of such business."

Such a covenant, although not such as technically running with the land, may be enforced by injunctive process against its violation against one having notice thereof, actual or constructive, and in favor of the grantor or one succeeding to his title. Morris & Morris v. Tuscaloosa Mfg. Co., 83 Ala. 565, 3 So. 689; Webb v. Robbins, 77 Ala. 176; Brasfield v. Coal Co., 180 Ala. 185, 60 So. 382; White v. Harrison, 202 Ala. 623, 81 So. 565; Best v. Parsons, 207 Ala. 115, 92 So. 267; 18 C. J. pp. 397, 398; note 21 A. L. R. 1281 et seq.; 32 C. J. pp. 203–207, 219; note 37 L. R. A. (N. S.) 12 et seq.

There is much discussion by counsel for appellee to the effect the contracts to Rosen-

grant passed the legal title to the standing timber as distinguished from a right to cut and remove, and the effect of such title under Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 So. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58, and the other subsequent cases of like effect. As to the right to injunctive relief here sought as to this contract, we are of the opinion this question is immaterial and unnecessary to be determined.

In the opinion on former appeal this covenant was construed to mean that a "given area be 'cut clean' of the timber indicated" when once the purchaser begins a substantial cutting of the timber for the purpose for which it was bought, as distinguished from a mere "casual or sporadic cutting." Discussing this covenant, the opinion uses the following language:

"It follows from this construction of the contract that there may be as many entries and cuttings of timber as there are specific classifications of timber, and not more; thereafter the purchaser may not return, 'cut and remove any other timber of the same kind from said subdivision or part thereof.' * * * The insertion of the descriptive words as to area was by way of an attempt to define a subdivision of timbered lands with reference to it being cut over. It was to say generally of substantial cuttings and removal of timber of a class that was conveyed from a timbered area (not by way of a casual or sporadic cutting), that the grantee having so entered and cut over an area and removed the timber (of a class specified) from ten acres or more, the grantee may not thereafter recut over timber of like kind and class from same area. It results that there may not be more entries and substantial cutting over of a given timbered area than there were different kinds and classes of timber specified in the contract or conveyances."

As previously shown, the purpose of the covenant was for the protection and preservation to the estate of the future growth of the timber remaining thereon, and a construction thereof which would permit the purchaser to go upon the land and recut the timber upon these subdivisions as market conditions dictated most profitable to himself, until all the timber was cut, would but defeat the evident intent of the parties as evidenced by the language used and as construed on former appeal.

The averments of the amended bill, we think, disclose a substantial cutting of the timber of those subdivisions of the land therein specifically described, and meet. the requirements of the above stated construction of the covenant. These averments show, in. substance, that the purchaser 'did enter upon the subdivision for the purpose of cutting and removing the timber, and did take therefrom so much of that authorized to be taken as was desired, except that not easily accessible, but. did not take all of the timber embraced in the purchase, as there was not a ready market for the smaller tim-ber not taken; that each of the cuttings of the several kinds of timber was a general and substantial cutting, and were voluntarily discontinued. That it would be more advantageous and profitable to appellee to cut the timber as is charged in the bill and recut as market conditions justify may be very clear, but this is not the contract entered into. A similar argument was answered by this court in Brasfield v. Coal Co., supra: .

"It is the duty of the court, so far as it can, to enforce the contract which the parties made, and as they made it, and not one which they could.have made but did not make."

It is further insisted by appellee that relief should not be granted, upon the theory that a court of equity would be required to superintend the cutting of this timber which would require much skill and extend over a considerable period of time, citing Bromberg v. Eugenotto Const. Co., 158 Ala. 323, 48 So. 60, 19 L. R. A. (N. S.) 1175; W. T. Smith Lbr. Co. v. Jernigan, 185 Ala. 125, 64 So. 300, Ann. Cas. 1916C, 654. But we do not consider these authorities here applicable.

The contract gave defendant the right to cut ·certain ˙ timber therein designated, and the duty rests upon him to see that he takes no more than he is entitled to, and in. the manner agreed upon. In discussing like contracts of purchase this court has held that. the burden of proof rests upon the purchaser˙ to show ·that the timber cut was such as embraced in the contract. Wright v. Bentley Lbr. Co., 186 Ala. 616, 65 So. 353; Miller-Brent Lbr. Co. v. Dillard, 201 Ala. 18, 75 So. 308.

[7] This insistence is without merit, and, considering the˙ sufficiency of the averments of the amended bill, a case for injunctive relief is made out. This submission is solely upon the ruling on demurrer to the amended bill, and there is before us no ruling, as upon application for temporary writ of injunction, involving the rule as to the exercise of sound judicial discretion, and weighing of comparative convenience and inconvenience. Davis v. Sowell, 77 Ala. 262; Standard Chem. Co. v. Faircloth, 200 Ala. 657, 77 So. 31; Woodstock, etc., Co. v. Quinn, 201 Ala. 681, 79 So. 253; M. & O. R. R. Co. v. Zimmern, 206 Ala. 37, 89 So. 475, 16 A. L. R. 1352. Upon demurrer the averments of. the bill are taken as confessed, and, so considered, disclose a violation of a valid and binding covenant, and no reason appears upon the face of the bill why such covenant should not be preserved by injunctive process.

[8, 9] The matter of accounting sought for timber wrongfully cut is incidental to the principal equity of the bill. The court, having assumed jurisdiction for injunctive relief, will retain the bill for all purposes necessary to a complete ˙determination and settlement of the matters involved, though they be of a purely legal nature. Whaley v. Wil-

son, 112 Ala. 627, 20 So. 922; Houston Canning Co. v. Virginia Can Co., 211 Ala. 232, 100 So. 104, 35 A. L. R. 912.

It results, therefore, that the demurrers to the bill as a whole were properly overruled, and the decree on cross-appeal will be affirmed, but that the demurrer to the aspects of the bill herein discussed were not well taken, and that these demurrers should likewise have been overruled. The decree sustaining these demurrers will therefore be reversed. Let the appellee be taxed with the costs.

Affirmed on cross-appeal.

Reversed and remanded on original appeal.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

