145 So. 572

## WALKER v. W. T. SMITH LUMBER CO.

### 3 Div. 24.

Supreme Court of Alabama.
Jan. 19, 1933.

66

Jos. R. Bell, of Hayneville, and Erle Pettus, of Birmingham, for appellant.

Calvin Poole, of Greenville, for appellee.

GARDNER, J.

The amended bill rests upon the theory that defendant's property and rights under the contract conveyance made an exhibit thereto have been forfeited by a violation of the provisions of paragraph 3 of the "conditions and limitations" appearing in said instrument, and its cancellation and annulment is prayed. Clauses of this character have been considered as intended for the protection and preservation to the estate of the future growth of the timber, and construed as having reference to the beginning by the purchaser of a substantial cutting of the timber, as distinguished from a mere "casual or sporadic cutting." Lowery v. May, 213 Ala. 66, 104 So. 5, 15; May v. Lowery, 214 Ala. 230, 107 So. 67. In the latter case it was held that such a provision was a restrictive covenant entered into for the purpose of protecting the substance of the estate retained by the grantor, and in each of the above noted authorities the holding was that the clause was not a condition subsequent, but a covenant.

We think the conclusion there reached is sound, supported by the authorities, and is controlling here.

Deeds of bargain and sale (and the instrument here is of this character) for a valuable consideration are to be construed most strongly against the grantor and in favor of the grantee, and, of course, in the matter of construction it is the duty of the court to look at the whole conveyance, the circumstances under which the contract was made, the relative position of the parties, and the purpose and object designed to be accomplished. The intention of the parties to the instrument, when clearly ascertained, is of controlling efficacy. Cobbs v. Union Naval Stores Co., 202 Ala. 333, 80 So. 415; Seaboard A. L. R. Co. v. Anniston Mfg. Co., 186 Ala. 264, 65 So. 187.

It is also well settled that conditions subsequent are not favored in law, and must be strictly construed "because they tend to destroy estates, and a vigorous exaction of them is a species of summum jus, and in many cases hardly reconcilable with conscience. And if it be doubtful whether a clause in a deed imports a condition or a covenant, the latter construction will be adopted." It is also recognized that the fact that the grantee cannot be placed in statu quo is an important factor in determining the question of forfeiture. And, likewise, if the grantor has other adequate remedy at law or in equity, as for illustration here in point, injunctive relief restraining the use of the property beyond the limitation or restriction, a forfeiture will not be declared. Seaboard Air Line R. Co. v. Anniston Mfg. Co., supra; Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 So. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58.

The word "condition" used in the conveyance is not of controlling effect, and specially, when considered with all the language, including the word "limitations" with which it is directly connected. Murphy v. Schuster Springs Lumber Co., 215 Ala. 412, 111 So. 427; Zimmerman Mfg. Co. v. Daffin, supra.

The consideration, which presumably has been paid, was a very substantial sum, and there is no pretense the grantee can be placed in statu quo. In the sixth paragraph is an express provision for the termination of all rights of the grantee, but no such language is found in paragraph 3, here considered.

The first paragraph under "conditions and limitations" expressly provides against the cutting or removal of any timber from said lands until the payment of the purchase price.

By way of illustration, if it be assumed the grantee had cut and removed the timber from one forty out of this large body of land, without having paid for the same, it would be unreasonable to suppose the parties intended that immediately upon the violation of said clause the grantee forfeited all title and rights to the timber, and the instrument was subject to cancellation. And it does not appear that the first clause is any less important or less free from a condition subsequent construction than the third.

If the grantor, as previously noted, has other adequate remedy, this is considered very persuasive against any forfeiture, and, in May v. Lowery, 214 Ala. 230, 107 So. 67, it was held, as against a violation of such a restrictive covenant, the grantor has the right to injunctive relief.

So in the instant case, if the bill be construed as disclosing a substantial cutting upon some of the forty-acre tracts, and any violation of this restrictive covenant, it would seem that the remedy by way of injunctive relief argues rather persuasively against a forfeiture, and answers the argument of appellant concerning the injury to be suffered by a violation of this clause. But the bill as framed rests upon no such theory, and seeks to have the conveyance annulled and a forfeiture declared.

We have carefully read Libby v. Winston, 207 Ala. 681, 93 So. 631, and Hitt Lumber Co. v. Cullman Coal & Coke Co., 200 Ala. 415, 76 So. 347, most strongly relied upon by appellant, but the language used and the connection with which it was so used differ materially from the instrument here considered, and are readily distinguishable.

As hereinabove stated, we think the cases of Lowery v. May, supra, and May v. Lowery, supra, ample authority in support of the chancellor's ruling, and we forego further discussion.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.