11 So.2d 850

**HOULTON et al. v. MOLTON et al.**

I Div. 174.

Supreme Court of Alabama.

Dec. 17, 1942.

Rehearing Denied Feb. 25, 1943.

Adams & Gillmore, of Grove Hill, for appellees.

Benj. W. Miller, of Bogalusa, La., and Paul S. Jones, of Grove Hill, for appellants.

90

BROWN, Justice.

The final decree, from which this appeal is prosecuted, made perpetual a temporary injunction issued on the 1st day of November, 1933, restraining and enjoining the defendants, appellants here, "from cutting, or from having any agent, servant or employee to cut from lands hereinabove [in the writ] described any trees or saplings which are merchantable only for the purposes of making pulp-wood or paper-wood, until further orders of the court."

The complainants were and are owners of the land encumbered by an indenture executed by them on June 1st, 1928, granting and conveying to the Piedmont Lumber Company, a corporation, then engaged in the saw-milling business, in consideration of $44,000, $14,000 of which was paid in cash, and the balance in six installments, each represented by a note of $5,000, payable consecutively each six months from date of the conveyance, conveying to said Lumber Company "All the timber and trees that will be of merchantable size when cut now standing, growing or being upon" 710 acres of land specifically described in said indenture. Appellees reserved in the conveyance a "vendor's lien" as security for said deferred payments of the purchase money.

The conveyance gave the grantee seven years from the date of the deed within which to cut the timber. After said lands were cut over by the Lumber Company, leaving some "merchantable timber" thereon, the appellant who was engaged in the "piling and pole business" purchased, through one of the complainants acting for the Lumber Company, the "merchantable timber" remaining on the land.

Appellant's contention in the trial court and now is, that the timber conveyance passed to and vested in the Piedmont Lumber Company: First, trees and timber, not suitable for manufacture into lumber, but merchantable to pulp and paper manufacturers for making pulp and paper; and, second, that such conveyance carried the right to cut timber and trees that ripened by growth during the seven years into merchantable timber suitable for manufacture into lumber.

The contention of appellees, on the other hand, is that by said indenture the complainants conveyed only trees and timber that were merchantable for lumber manufacture on June 1, 1928.

The decree sustained appellees' contention and personal decree was rendered against appellant Houlton Timber Company, for the timber cut from said lands, suitable only for pulp-wood and paper-wood.

■ The language of the granting clause is, "have granted, bargained, sold and conveyed and by these presents do grant, bargain, sell and convey *all of the timber and trees that will be of merchantable size when cut,* now standing, growing or being on or upon the following described lands, situate, lying and being in Clarke County, Alabama, towit: (Specific description).

"It is expressly agreed and understood that said party of the second part shall have *seven years from the date hereof within which to cut and remove said timber.*" [Emphasis ours.]

The indenture grants the right of ingress and egress, and "to locate on said land wherever it may desire to do so all *such saw mills and machinery* as it may desire to use in *manufacturing said timber* with the right to construct and build all such buildings as may be necessary or useful in the manufacture of said timber *into lumber,* with the right to remove said buildings and machinery from said lands at any time." [Emphasis ours.]

Said indenture further stipulates, "It is further understood and agreed that after said timber hereby conveyed is *converted into lumber* and has been insured, that the policies of insurance insuring same shall contain a loss payable clause payable to the parties of the first part as their interests may appear."

Taking these quoted recitals found within the four corners of the instrument, in the light of well settled principles of interpretation of like contracts in our cases, we are of opinion that the intentions of the parties thereto clearly appear; that is that said indenture conveyed and was in-

tended to convey trees and timber suitable for manufacture into lumber, standing or being on the lands on June 1, 1928, and such as would mature into merchantable timber by the time cut within seven years from the date of the deed. W. T. Smith Lumber Co. v. Jernigan et al., 185 Ala. 125, 64 So. 300, Ann.Cas.1916C, 654; Wright v. Bently Lumber Co. et al., 186 Ala. 616, 65 So. 353; Walker v. W. T. Smith Lumber Co., 226 Ala. 65, 145 So. 572; Nettles et al. v. Lichtman et al., 228 Ala. 52, 152 So. 450, 91 A.L.R. 1455; Williams v. Johns-Carroll Lumber Co., 238 Ala. 356, 192 So. 278.

The scrivener in drawing the indenture, no doubt, had before him or was familiar with the case first above cited, and Jasper Land Co. v. Manchester Saw-Mills, 209 Ala. 446, 96 So. 417, and embodied the expression "that will be of merchantable size when cut" in the granting clause, which clearly differentiates the contract here under consideration from that in the two last mentioned cases.

The appellants further insist that the court erred in amending the final decree by striking out of said decree the following: "It is further ordered, adjudged and decreed by the Court that the Houlton Timber Company shall have the right for twelve months from this date within which to cut and remove any timber herein declared to be merchantable under this timber deed, and that still remains on this land and that said Houlton Timber Company was prevented from cutting by virtue of the issuance of the injunction in this cause."

The final decree was entered after the expiration of the time for cutting merchantable trees and timber conveyed, and the temporary injunction did not cover such cutting, and no rights of the defendants were intercepted or affected by said temporary injunction. Moreover, the court was without power to alter the terms of the conveyance by extending the time for removing the timber. Code 1940, T. 47, § 49; W. T. Smith Lumber Co. v. Waller, 218 Ala. 546, 119 So. 663.

The poles cut for piling and other purposes by the defendant were cut from lands other than above mentioned, and to which defendants were without right or title.

The decree of the circuit court is corrected in so far as it limited the right to cut merchantable trees and timber to June 1, 1928, so as to include merchantable trees and timber standing or being on said land, maturing into merchantable timber and cut within the seven years from the date of the deed.

As corrected the decree will be affirmed. The appellees will pay the costs of the appeal. Kinney et al. v. Pollak et al., 223 Ala. 654, 137 So. 669.

Corrected and affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.

On Rehearing

BROWN, Justice.

In disposing of this case, the court followed the rule that where the instrument carries evidence within its four corners of the intention of the parties, the court will not look outside of the instrument to ascertain such intent. However, looking to the circumstances attending the execution of the instrument, as shown by the evidence existing at the time of the execution of the deed in the instant case, it is clear, that the indenture interpreted by the court did not embrace, and it was not the intention of the parties that it should embrace within its grant, timber suitable only for manufacture into pulp wood and paper wood.

The application, therefore, is without merit and is overruled.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.