43 So.2d 316

**PREVATT v. BROWN.**

4 Div. 572.

Supreme Court of Alabama.

Dec. 15, 1949.

J. Hubert Farmer, of Dothan, for appellant.

John W. Rish, of Dothan, for appellee.

FOSTER, Justice.

This is an appeal from a final decree in which the court granted relief to complainant, cancelling a conveyance to land on account of the breach of a condition subsequent expressed in said deed and a modification of that decree on application for rehearing, in which the court ordered the complainant to pay into court the sum of $147.50 within sixty days thereafter as a condition to granting complainant the relief of cancellation.

The court made no disposition of said sum but the opinion shows that it was intended to reimburse the defendant on account of an amount paid to complainant by defendant at the time of the execution of the deed.

The question was raised as to whether or not the evidence justified such cancellation and, in the alternative, whether or not the amount of $147.50 is a proper amount to be required of complainant as a condition to the granting of such relief.

The particular deed sought to be set aside was executed and dated October 15, 1941, and was recorded. It recites a consideration of $147.50 and other valuable consideration, and following the description in the deed the following appears "as a part of the consideration of this conveyance, the grantee herein the said Jay Prevatt agrees to repair the present home place, and within a period of twelve months from this date to tear down this present home and build a new home in its place. In the event the grantee herein fails or refuses to comply with this part of the consideration, then and in that event the title to the above described property is to revert to the grantors herein." The deed further provided that "the

grantors herein, the said Ada Brown and husband Lewis Brown, expressly reserve a life interest in and to the above described property and agree to keep the premises in a good state of repair and to pay the interest and principal on the indebtedness to the Federal Land Bank as same falls due, and at the death of both Ada Brown and Lewis Brown, then the grantee, Jay Prevatt, is to come into complete possession of same."

At that time there was a mortgage on the land to the Federal Land Bank with past due installments aggregating $147.50, which amount was paid to the grantors by the grantee and used in discharging those installments. The grantors were of the ages of sixty-three for the husband and sixty-one for the wife. The grantee's first wife had been their daughter, but whether she was living at the time of the execution of the conveyance is not clear.

The testimony shows that the defendant did nothing toward rebuilding the home within the twelve month period stipulated in the deed, but that after the expiration thereof and on November 27, 1942, he procured an extension of said period for six months more. The form of such extension was by the execution of another deed in the same terms as the first one with a change in the period of time stipulated within which the grantee was to rebuild the house. The testimony further shows that on January 25, 1943, which was within the six month period, the grantee seems to have become dissatisfied because there was no provision to enforce the obligation of the grantors by which the mortgage to the Federal Land Bank would be paid by them, and in order to have that clear another deed was executed on said date providing that the grantee was to tear down and rebuild the home of the grantors by March 1, 1943, with the further provision that in case of a failure to do so the title was to revert to the grantors. In said deed the grantors expressly agreed that upon failure to make the payments to the Federal Land Bank as they fell due, the life interest of the grantors should cease and terminate. No such default is claimed.

The prayer of the original bill was to cancel the deed of October 15, 1941, and made no reference to the other deeds which were introduced in evidence by the defendant. They were not recorded. The court granted the relief, as we have stated above, making no reference to the two later deeds.

It is apparent from the evidence and the finding of the facts by the court that said two deeds referred to as of November 27, 1942 and January 25, 1943, were intended to change the respective covenants in the first deed and were not otherwise intended to convey the land. We will therefore modify the decree so as to divest the title out of respondent under all three of the deeds.

The testimony was taken orally before the court after answer was filed denying the material allegations of the bill. The court made a finding of facts in response to the application for rehearing. That finding of facts is not only applicable to the particular matter in which the decree was modified but was also applicable to the original decree itself. In that finding of facts we note the following:

"The testimony further shows that sometime in the spring of 1943 defendant tore down the old dwelling, partially, and rebuilt out of the material from the old dwelling a dwelling house for plaintiff and her husband consisting of three rooms arranged in a straight line. The testimony further shows to the satisfaction of the court that this shotgun dwelling was not suitable for human habitation. It leaked, the cold and rain would blow in from the sides of the dwelling, the floor was full of cracks, large ones, and that you could stand on the inside and see the sun shine through the roof. The testimony further shows that in cold weather and in rainy weather it was necessary to chink the cracks in the walls with paper, cloth, or other like material, in order to keep the cold and rain from coming within the dwelling. Also, it was necessary to hang up quilts and blankets on the wall for like protection. It appears from the testimony that the husband of plaintiff got sick and it was necessary to hang up quilts

and blankets around his bed in order to protect him from the rain and cold during his sickness. The testimony further shows that the dwelling which the defendant finally built was not as comfortable living quarters as the one he tore down. The testimony further shows to the entire satisfaction of the court that plaintiff and her husband have made repeated demand on defendant to make good on the requirements imposed upon him by aforesaid deed, and that he has repeatedly promised that he would remedy the situation but that he has failed to do anything about it.

"The court is of the opinion, and so finds from the evidence in this case, that defendant tore down a more comfortable dwelling and a better dwelling than he rebuilt. The court is of the opinion, and so finds from the evidence in this case, that defendant injured plaintiff by his activities rather than benefiting her, and that plaintiff received no substantial value from the defendant other than the $147.50 which he paid her to take care of the past due installments to the Federal Land Bank of New Orleans aggregating the sum of $147.50, and it is with much hesitancy that the court has concluded to require plaintiff to restore to defendant the $147.50 which she received from him and which was applied to the Federal Land Bank debt thereby relieving her, to that extent, of her obligation to said bank."

Giving careful consideration to the testimony which was taken in the case it is our view that there was ample evidence to support such finding by the trial court. When so, such finding should be sustained on appeal to this Court.

We have cases in this State which justify a court of equity in giving effect to a condition subsequent in a deed and cancelling it when such condition is clear and unambiguous and when it has been in material respects breached. We cite the cases of Walker v. W. T. Smith Lumber Co., 226 Ala. 65, 145 So..572; Seaboard Air Line R.R. v. Anniston Mfg. Co., 186 Ala. 264, 65 So. 187; Shannon v. Long, 180 Ala. 128, 60 So. 273; First National Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L.R.A.1918F, 353; McSwean v. McSwean, 204 Ala. 663, 86 So. 646; Sherrill v. Sherrill, 211 Ala. 105, 99 So. 838.

There was no demurrer to the bill pointing out any specific defect.

The evidence showed, as found by the trial judge, that the defendant did take some steps to carry out his covenant with reference to tearing down and rebuilding the home on the land, but it appears that in doing so the land was not substantially improved and that the house which he built was not as good as the one which he tore down, and that it was built out of the material which was taken from the old house. The only additional cost of material was for the tin roof which the defendant bought and put on the new house. It appears that the roof on the old house needed replacing and it was necessary to put a new one on it as it stood.

It is our view that the defendant should be reimbursed for the reasonable cost of such roof which is shown to be $103 and, therefore, in addition to the $147.50 of cash money that he paid to complainants there should be added the sum of $103 to cover the cost of the new roof. But on account of the poor workmanship which evidently went into the new house, we agree with the trial court that nothing should be allowed on that account.

The decree of the trial court should therefore be modified so that as a condition to the cancellation of the conveyance the complainants are allowed sixty days from the date the certificate from this Court reaches the circuit court in which to pay into the registry of the circuit court the sum of $250.50, subject to the orders of that court. And the decree is further modified so as to divest the title out of respondent under the deeds of November 27, 1942 and of January 25, 1943, upon a compliance by appellee with the conditions herein specified. The other provisions of the modified decree rendered by the circuit court shall remain undisturbed. The costs of appeal will be equally divided between appellant and appellee.

Modified and affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.