## CITIZENS BANKING COMPANY *et al. v.* PARIS, administrator.

A petition for certiorari which does not "plainly and distinctly set forth" an assignment of error on any ruling, decision, or judgment of the inferior judicatory is void; and being void, no renewal thereof can be had within six months.

Submitted January 26, —Decided February 13, 1904.

Certiorari.   Before Judge Parker.   Dodge superior court. February 11, 1903.

*J. E. Wooten* and *W. M. Clements*, for plaintiffs in error.

*J. P. Highsmith*, contra.

COBB, J.  Paris, administrator, was plaintiff, and Rogers, sheriff, defendant, and the Citizens Banking Company intervenor in a money- rule brought in the city court of Eastman.  The judgment was in favor of Paris.  Rogers and the Banking Company sued out a petition for certiorari.  At the hearing in the superior court this petition was dismissed, "because insufficient in law, there being no proper assignment of error."  Within less than six months after the dismissal, the plaintiffs in certiorari undertook to renew under the provisions of the Civil Code, § 3786.  When the second petition came on for a hearing, a motion was made to dismiss it upon various grounds, one among them being in substance that the first petition was not such a one as that a renewal thereof could be had under the statute.  The court dismissed the petition, "upon the general grounds that plaintiffs did not make out a case entitling them to certiorari," and to this judgment exception has been taken.

The Civil Code, § 3786, provides that "if a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case."

This section has been held to apply to certiorari cases, and has been uniformly treated as being applicable to dismissals other than those which are voluntary. See the cases cited infra. It is settled that if the first petition be void for any reason, no renewal can be had under the statute. *Southern Railway Co.* v. *Goodrum*, 115 *Ga.* 689 ; *Hill* v. *State*, 115 *Ga.* 833. This, of course, results from the fact that if the first petition is an absolute nullity, there is no suit, and nothing to be renewed. The question, therefore, to be determined is whether a petition for certiorari which contains no assignment of error, or, what is the same thing, no proper assignment of error, is absolutely void. The statute relating to bills of exceptions in the Supreme Court provides that the "bill of exceptions shall specify plainly the decision complained of, and the alleged error." Civil Code, § 5527. It has been held that a bill of exceptions which contains no assignment of error or an insufficient assignment of error presents nothing for decision by the Supreme Court, and must be dismissed. *Sewell* v. *Conkle*, 64 *Ga.* 436 ; *Smith* v. *Frost*, 74 *Ga.* 842 ; *Williams* v. *Railroad Company*, 98 *Ga.* 392 ; *Dismukes* v. *Bainbridge State Bank*, 99 *Ga.* 179 ; *Wheeler* v. *Worley*, 110 *Ga.* 513 ; *Jackson* v. *Fitzpatrick*, 114 *Ga.* 364; *Neal Loan and Banking Company* v. *Wright*, 116 *Ga.* 395. The certiorari statute provides that the petition "shall plainly and distinctly set forth the errors complained of." Civil Code, § 4637. The requirement of this statute is very similar to that for bills of exceptions, and the principle of the decisions above cited would apply to petitions for certiorari. A petition for certiorari which contains no assignment of error with which the court can deal is an absolute nullity. It is so much waste paper, and the court has no authority to decide any question which is sought to be raised therein, and can only strike the petition from its files. Being void as a suit, no renewal of it can be had, under the two decisions first above cited. Inasmuch as the plaintiffs in certiorari acquiesced in the dismissal of their petition on the ground above stated, we are bound to assume that the superior court was right in adjudging that such petition contained no sufficient assignment of error on any ruling or judgment of the city court.

*Judgment affirmed.     All the Justices concur, except Simmons, C. J., absent.*