9490. WRIGHT *v.* STEWART *et al.*

JENKINS, J. 1. The Civil Code (1910), § 4698, provides that "Justices
of the peace, and notaries public who are ex-officio justices of the peace,
shall hold their respective courts monthly at fixed times and places; and
when from any reason the business of such court can not be disposed
of in one day, such courts may hold from day to day or to such time
as may be agreed upon by the parties, with the consent of the court,
until the business is disposed of. All continuances shall be from term
to term, except when in the discretion of the court it is better to con-
tinue to a day or from day to day in the term for which the case was
assigned for trial."

2. Where the fixed place for holding the justice's court was the grand-jury
room, and, at the time designated for the court's regular session, the
room was occupied, by reason of the grand jury being then and there
in session, and where the court regularly met at the time and place
appointed, and, at the front of the only door leading into the jury

room, the justice regularly opened court and adjourned over to the following day, this will, from the necessity of the case, be taken as a compliance with the law relative to the time and place for holding such courts.

3. The quoted statute providing that if for "*any reason*" the business of such court can not be disposed of in one day, the court may hold over from day to day, does not contemplate that the reasons requiring such an adjournment shall necessarily pertain to or arise only out of the business pending in the court; but if for any reason an adjournment is necessary, even though no portion of the court's business can be disposed of, such an order of adjournment is legal.

4. The action of the justice of the peace in entering up a default judgment against the garnishee on the day following his order of adjournment was therefore not illegal for the reason that the court was not at that time lawfully in session. The order of the judge of the superior court sustaining the certiorari assigning error upon the judgment of the justice of the peace in dismissing the affidavit of illegality, and in which order he remands the case back to the justice's court, is, however, affirmed, for the reason that the affidavit of illegality attacking the default judgment against the garnishee shows that the plaintiff in fi. fa., after having had transferred to her two executions issued upon judgments obtained in two separate and distinct suits against the same defendant, sued out one summons of garnishment, based upon the two executions, and consolidated them in the affidavit and bond to obtain the garnishment, thus rendering the proceeding illegal and void. The garnishee, having been served only with one summons, was not required to answer, but could by affidavit of illegality take advantage of the illegal proceeding. *Rich* v. *Kiser*, 61 *Ga.* 370; *Morgan* v. *Latham*, 111 *Ga.* 835 (36 S. E. 99).

Judgment affirmed. Wade, C. J., and Luke, J., concur.

DECIDED OCTOBER 15, 1918.

Certiorari; from Monroe superior court—Judge Searcy. December 11, 1917.

*H. W. Nalley, A. M. Zellner,* for plaintiff in error.

*J. M. Fletcher,* contra.