17837.   GRAGG LUMBER COMPANY *v.* COLLINS.

STEPHENS, J.  1. The filing with the clerk of the superior court of the certiorari bond required under section 5185 of the Civil Code (1910) being a condition precedent only to the issuance of the writ and not to the sanction of the petition for certiorari, the certiorari is valid as respects any requirement as to the giving and filing of the bond, where a valid legally required bond is filed with the clerk of the

Certiorari, 11 C. J. p. 161, n. 31; p. 191, n. 2 New.
Logs and Logging, 38 C. J. p. 227, n. 24.

superior court prior to the issuance of the writ, notwithstanding the bond attached to the petition may be invalid. *Smith* v. *McCranie*, 14 *Ga. App.* 721 (82 S. E. 307).

2. Where a second petition for certiorari is presented to the judge of the superior court for sanction within six months after the dismissal of the first petition, and where it appears in the second petition, by the certificate of the clerk of the superior court incorporated therein, that the legally required certiorari bond, with the approval thereon of the magistrate whose decision was sought to be reviewed, was duly filed with the clerk of the superior court prior to the issuance of the writ of certiorari upon the first petition, although the bond attached to the first petition was invalid, in that it was not approved by the trial magistrate, it appears in the second petition for certiorari that the first petition was, in so far as the certiorari bond was concerned, a legal and valid petition.

3. Where a valid certiorari has been dismissed, it may be renewed within six months under the provisions of section 4381 of the Civil Code (1910). *Citizens Banking Co.* v. *Paris*, 119 *Ga.* 517 (46 S. E. 638).

4. A laborer's lien for work done upon personal property, such as cutting timber, will not attach against the property where it does not belong to his employer, and will not attach against the property when the title is in a third person. *Baughman Automobile Co.* v. *Emanuel*, 137 *Ga.* 354 (73 S. E. 511, 38 L. R. A. (N. S.) 97); *Lanier* v. *Bailey*, 120 *Ga.* 878 (48 S. E. 324).

5. Applying these rulings, it appearing that the first certiorari was otherwise valid and that the second petition, which seeks to renew the first petition which was dismissed, contains valid grounds for certiorari, in that the evidence demanded a finding in favor of the plaintiff in certiorari, who had filed a claim of title to the property levied on, and is otherwise valid, and was brought within six months after dismissal of the first petition, the judge of the superior court erred in refusing to sanction the second petition.

> *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
> DECIDED JULY 13, 1927.

Petition for certiorari; from Wilkinson superior court—Judge Park. November 23, 1926.

*Eli B. Hubbard,* for plaintiff in error. *H. B. Wimberly,* contra.