18744. DAVIS *v.* LEE.

BELL, J. Under the provisions of section 5183 of the Civil Code, requiring that a petition for certiorari "shall plainly and distinctly set forth the errors complained of," a mere general averment of error, in connection

with which there is no statement or assignment whatever as to how or wherein the rulings complained of were erroneous, presents no case or question for decision by the judge of the superior court. *Edgeman* v. *Stewart*, 141 *Ga.* 686 (81 S. E. 1036); *Citizens Banking Co.* v. *Parris*, 119 *Ga.* 517 (46 S. E. 638); *Smith* v. *Marshall*, 127 *Ga.* 374 (56 S. E. 416); *Harrell* v. *Quitman*, 17 *Ga. App.* 299 (86 S. E. 662); *Chan* v. *Judge*, 36 *Ga. App.* 13 (134 S. E. 925).

2. Accordingly, the petition for certiorari in the instant case, which contained only the following assignments of error: "Petitioner avers that said court erred in refusing him the right to present his evidence in support of his plea, and in not allowing him to present his side of the case and considering same, and in entering up judgment against him in one or all five of said suits, all of which judgments, rulings, and findings of said court the petitioner assigns as error," did not meet the requirements of the statute referred to above; and the judge of the superior court should have dismissed the petition for certiorari, instead of sustaining the same and remanding the case for a new trial. Especially is this true where, as here, the magistrate in his answer denied having refused the petitioner "the right to present his evidence in support of his plea, and in not allowing him to present his side of the case," thereby leaving nothing for consideration by the judge of the superior court in the hearing on the certiorari, except the mere statement in the petition that the magistrate committed error in entering up final judgment against the petitioner.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 12, 1928.

*Parker & Parker, Walter Thomas,* for plaintiff.
*Robert G. Mitchell,* for defendant.