**21288.  ETHERIDGE *v.* PEAK.

STEPHENS, J. 1. Where, in a petition for certiorari which contains an exception to the judgment of a magistrate overruling an affidavit of illegality to an execution upon a consideration of the issues made by the

evidence, the affidavit of illegality and also the evidence adduced upon the trial appears, an assignment of error in the petition for certiorari, in the following language: "Petitioner avers the said court erred in entering up judgment as aforesaid, which rulings and findings of said court the petitioner assigns as error," is a sufficient assignment of error upon the judgment of the magistrate as respects the grounds of the affidavit of illegality. *Phœnix Insurance Co.* v. *Gray*, 107 *Ga.* 110 (32 S. E. 948) ; *Holliman* v. *Mayor &c. of Hawkinsville*, 109 *Ga.* 107 (34 S. E. 214). The judge of the superior court did not err in overruling the motion to dismiss the certiorari upon the ground that it failed to contain a sufficient assignment of error.

2. Where the regular place for holding the justice's courts of a district is "at" a "court house" which is located on "about" one quarter of an acre of land which is owned by the county, and where on account of cold weather and there being no heat in the court house and no furniture therein, a judgment is rendered by the magistrate at a point "ten or twelve feet from the front and only door" of the court house while he occupied an automobile which was more comfortable than the court house, the rendition of the judgment, under the circumstances, was a substantial compliance with the law as to the place of holding the justice's court of the district, and the judgment thus rendered was not a judgment rendered at a place other than the regular place of holding the justice's court in said district as required by law. *Wright* v. *Stewart*, 22 *Ga. App.* 655 (2) (97 S. E. 193).

3. The court erred in sustaining the certiorari.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided January 14, 1932.

*Dobbs & Dobbs*, for plaintiff. *R. C. Johnson*, for defendant.