22520.   GREENWOOD *v.* LEDFORD *et al.*

Decided November 23, 1932.

*J. T. Davis, Thad L. Bynum,* for plaintiff.

*J. B. Jones,* for defendant.

PER CURIAM. The first question for determination is whether the bill of exceptions should be dismissed on motion of counsel for defendants in error for the reason that the only assignment of error is insufficient in law.

It appears from the bill of exceptions (which contains the evidence in the case) that J. J. Greenwood, plaintiff in error, and Blanche Ledford and Myrtice Starr, defendants in error, claimed the proceeds of a certain fire-insurance policy; that the money due on the policy was paid into court by the insurer; that the case was submitted to the court without the intervention of a jury; that the court rendered judgment in the premises; and that the plaintiff in error excepted to this judgment and assigned error thereon.

The judgment referred to is as follows: "It appearing that the fund in dispute amounted to $1855, and it appearing that the fund belongs equally to the contestants in the case—that is, half of it belongs to J. J. Greenwood, as the assignee of J. C. Greenwood and Birdie Higdon; and it appearing that heretofore counsel for J. J. Greenwood has, under orders of the court, been paid the sum of $185.50 and $469, and that there is still due them out of said fund the sum of $273; and it appearing that no amount has been paid to Myrtice Starr and Blanche Ledford, it is therefore ordered and decreed that the clerk of the superior court of Rabun county pay to Myrtice Starr and Blanche Ledford, or their counsel of record, the sum of $927.50, being in full of their part of said fund; and that he likewise pay to J. J. Greenwood, or his counsel of record, the sum of $273, being in full of his half of said fund."

The record continues as follows: "To the said judgment, bearing date of the 18th day of March, 1932, J. J. Greenwood, plaintiff, then and there excepted and now excepts to that portion of said judgment which orders the sum of $927.50 to be paid to Myrtice Starr and Blanche Ledford and assigns the same as error, and says that the portion of the judgment which orders the clerk of the superior court of Rabun county, Georgia, to pay to Myrtice Starr and Blanche Ledford one half of said money is contrary to law and contrary to the evidence in said case, and is decidedly and strongly against the weight of the evidence."

The requirement of section 6139 of the Civil Code (1910), is that "Such bill of exceptions shall specify plainly the decision complained of, and the alleged error." The ruling of the Supreme Court in *Fidelity and Deposit Co.* v. *Anderson,* 102 *Ga.* 551 (28 S. E. 382), is as follows: "Where a cause involving both questions of law and the fact is submitted, without the intervention of a jury, to the judge of a superior court, and the trial of the issue therein made results in a finding in favor of the plaintiff, and upon writ of error to such judgment the only assignment of error is a general one not specifying how or wherein the trial judge erred in his judgment, whether as to matter of law or as to matter of fact, such assignment of error is too general to be considered in this court, and upon motion the writ of error will be dismissed. *Mayor of Brunswick* v. *Moore,* and *Hall* v. *Huff,* 74 *Ga.* 409; *Mutual Building & Loan Ass'n* v. *Glessner,* 99 *Ga.* 747 (27 S. E. 17)." The following are some of the decisions involving the principle announced in the *Anderson* case: *Marshall* v. *English American Loan and Trust Co.,* 127 *Ga.* 376 (2) (56 S. E. 449); *Eubanks* v. *Griffin Investment Co.,* 162 *Ga.* 717 (134 S. E. 760); *Thompson* v. *Savannah Bank and Trust Co.,* 39 *Ga. App.* 809 (148 S. E. 621).

Boiled down, the assignment is that the court's judgment awarding one half of the funds in controversy to defendants in error is "contrary to law and contrary to the evidence in said case, and is decidedly and strongly against the weight of the evidence." The assignment is a general one, and does not specify "how or wherein the trial judge erred in his judgment, whether as to matter of law or as to matter of fact." In these circumstances, we are constrained to sustain the motion to dismiss the writ of error.

*Writ of error dismissed. Broyles, C. J., and Hooper, J., concur. MacIntyre, J., not presiding.*