23889. WOOD v. FAIRFAX LOAN & INVESTMENT COMPANY.

JENKINS, P. J. 1. "Where a valid certiorari has been dismissed, it may be renewed within six months, under the provisions of section 4381 of the Civil Code (1910)" (*Gragg Lumber Co.* v. *Collins,* 37 *Ga. App.* 76 (3), 139 S. E. 84); but "a petition for certiorari void for any reason can not be renewed." *Talley* v. *Commercial Credit Co,* 173 *Ga.* 828, 833 (161 S. E. 832). "A petition for certiorari which does not 'plainly and distinctly set forth' an assignment of error on any ruling, decision, or judgment of the inferior judicatory is void; and being void, no renewal thereof can be had within six months." *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517 (46 S. E. 638); *Richards* v. *Harvey,* 34 *Ga. App.* 219 (129 S. E. 1); *Partee* v. *Peters,* 33 *Ga. App.* 694 (127 S. E. 660); *Chan* v. *Judge,* 36 *Ga. App.* 13 (134 S. E. 925).

2. The original petition for certiorari in this case, to review an adverse verdict of a jury and judgment thereon in a justice's court, was wholly insufficient and void, since it contained only these assignments of error, —"the verdict being contrary to the interest of the plaintiff in error, he there and then excepted, now excepts and cites the same as error," and that the justice of the peace "rendered and entered on the record a judgment adverse to the plaintiff in error, to which judgment the defendant therein . . now excepts and cites the same as error, . . and says that the said judgment was contrary to law," without in the petition itself, or in any other coupled assignment or exception in the record, specifically pointing out why the judgment or its entry "was contrary to law," or why the verdict was "error." Consequently, the superior court did not err in dismissing the renewed petition for cer-

124

tiorari on the ground that the original petition was void. *Newberry* v. *Tenant*, 121 *Ga.* 561 (49 S. E. 621); *Rodgers* v. *Black*, 99 *Ga.* 142 (25 S. E. 20); *Davis* v. *Lee*, 38 *Ga. App.* 667 (145 S. E. 110), and citations; *Callaway* v. *City of Atlanta*, 6 *Ga. App.* 354, 355 (2) (64 S. E. 1105); *Hennessee* v. *Jennings*, 48 *Ga. App.* 188, 189 (172 S. E. 583); *Feckoury* v. *Maloney*, 40 *Ga. App.* 157 (149 S. E. 91); *Greenwood* v. *Ledford*, 46 *Ga. App.* 123, 125 (166 S. E. 839); *Davis* v. *Town of Gibson*, 24 *Ga. App.* 813, 814 (102 S. E. 466). In *Mathews* v. *Parker*, 124 *Ga.* 144 (52 S. E. 322), *Harwell* v. *Marshall*, 125 *Ga.* 451 (54 S. E. 93), and similar cases relied upon by the plaintiff in error, there was an additional assignment of error or exception, at least similar to the general grounds of a motion for new trial, alleging that the verdict was "against the weight of the evidence and without evidence to support it," or that the verdict or judgment was "contrary to the law and the evidence and without either to support it." Other cases cited involved only the sufficiency of the general assignment of error on the final judgment overruling the certiorari, where such an assignment was predicated on other sufficient assignments in the petition itself or in other pleadings made part of the record. See *Cusic* v. *Holland Furnace Co.*, 43 *Ga. App.* 770 (159 S. E. 882); *Etheridge* v. *Peak*, 44 *Ga. App.* 575 (162 S. E. 402); *Meeks* v. *Carter*, 5 *Ga. App.* 421 (63 S. E. 517); *Lynn* v. *Crapps*, 47 *Ga. App.* 744 (3) (171 S. E. 398).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 12, 1934.

*V. K. Meador,* for plaintiff in error. *Ezra E. Phillips,* contra.