27292. LONG *v.* THE STATE.

DECIDED JANUARY 26, 1939.

*P. Z. Geer,* for plaintiff in error.
*R. A. Patterson, solicitor-general, Hooper & Hooper,* contra.

GUERRY, J. 1. A charge by the court that "if a jury convicts a defendant for an assault with intent to murder, they have a right, if they see fit for any reason, to recommend a misdemeanor punishment," is not a denial of the right of the jury to make such recommendation in their discretion. "Any reason," as here used, does not mean a good reason or a valid reason, but leaves the matter to the discretion of the jury.

2. The following charge of the court, "I charge you this, it is your duty, gentlemen of the jury, to agree on a verdict in this case if you possibly can. The case has been fully and completely tried. You are just as competent as any jury would be in disposing of it. It is no credit to a juror to stand out, in a pure spirit of stubborn-

ness, because he has taken a position. It is the duty of every juror to consult with every other juror and reach a mutual understanding in the case. The court does not mean to say that a juror is to give up an abiding conviction in the matter, but it is your duty to reconcile such differences, if any exist, and it is possible to do so if you follow the principles of law given you by the court. You ought not to have any trouble in agreeing on a verdict. I charge you further, gentlemen, that the court has expressed no opinion in this case and expresses no opinion in that it has no opinion whatsoever as to what your verdict may be. You may retire, gentlemen, for further deliberation, and reach a verdict if you can," in almost the identical language has been approved by the Supreme Court in *Golatt* v. *State*, 130 *Ga.* 18 (60 S. E. 107). See also *Yancy* v. *State*, 173 *Ga.* 685 (160 S. E. 867) ; *Gambo* v. *Dugas*, 145 *Ga.* 614 (89 S. E. 679).

3. The jury passed on the credibility of the witnesses. The evidence supported the verdict. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*