Appellants, John T. Wigington and Jimmy R. Cobb, were employed by Hill-Soberg Company, Inc. (Hill-Soberg), as salesmen. They were each paid a base salary plus commission, which was premised on each salesman's gross sales during the six-month periods ending June 30 and December 31 of each year. At the end of each six-month period, the commissions were computed. Each commission was equal to fifteen percent (15%) of the difference between (1) the gross profit (gross sales less the cost of the merchandise sold) from the salesman's sales during the period, and (2) his salary for the same period. Each commission was thereafter paid to the salesman in six equal monthly installments at the end of each month for the following six months.
Both Wigington and Cobb were initially employed by Hill-Soberg pursuant to oral agreements. Subsequently, Hill-Soberg entered into a written agreement with Cobb on May 6, 1975, and entered into a similar agreement with Wigington on November 9, 1977. The contracts provided, in the part pertinent to this action, as follows:
 Employee further agrees that upon termination of his employment, whether voluntarily or for cause, or for any reason, that employee shall be entitled to receive no commissions earned or accrued by him which have not been paid to him as of the date of the termination and employee waives any claim to or right to any commissions earned by him or accrued to his benefit but which have not been paid to him as of the date of the termination. . . . [Emphasis added.]
The employment of both Wigington and Cobb with Hill-Soberg was terminated on April 30, 1979, when Hill-Soberg sold all of its assets to All-Phase, Inc., and thus no longer had the need for employees. On September 24, 1979, Wigington and Cobb brought this action against Hill-Soberg to recover commissions earned but not paid prior to April 30. Hill-Soberg filed a motion for summary judgment based upon the above quoted contract provision and the trial judge granted the motion. On opposition to this motion, the plaintiffs produced affidavits from each of themselves and from Preston Yonge, a former officer of Hill-Soberg who had signed the employment contracts in dispute here. Wigington, Cobb, and Yonge all swore in their respective affidavits that it was not their intent to deprive Wigington and Cobb of commissions earned but not paid if they were involuntarily terminated through no fault of their own.
Appellants contend that the words "or for any reason," contained in the employment contract, render the contract ambiguous on its face. Therefore, they argue, the contract should have gone to the jury so that it could determine the proper meaning of the phrase. Appellants then set out nine propositions of law that deal with construction of ambiguous contracts.
Alabama law requires the trial court to determine whether a contract is ambiguous, and if it is not, to determine the force and effect of the terms of the contract as a matter of law.Miles College, Inc. v. Oliver, 382 So.2d 510 (Ala. 1980);Universal Development Corp. v. Shader, 382 So.2d 1115 (Ala. 1980); C.F. Halstead Contractor, Inc. v. Dirt, Inc., 294 Ala. 644, 320 So.2d 657 (1975). Extrinsic evidence may be admitted to interpret a contract only if the trial judge finds as a matter of law that the contract is ambiguous. U.S. Fidelity Guaranty Corp. v. Elba Wood Products, *Page 99 Inc., 337 So.2d 1305 (Ala. 1976); Camp v. Milam, 291 Ala. 12,277 So.2d 95 (1973); Southern Ry. Co. v. Louisville N.R. Co.,241 Ala. 691, 4 So.2d 400 (1941). The trial court in the present case determined that the contract was not ambiguous. Appellants have failed to show, at trial or on appeal, that the phrase "or for any reason" is ambiguous. For that reason, we must look to the clear meaning of the words used in the contract to ascertain the intent of the parties. Sisco v.Empiregas, Inc. of Belle Mina, 286 Ala. 72, 237 So.2d 463
(1970); Todd v. Devaney, 265 Ala. 486, 92 So.2d 24 (1957);Houlton v. Molton, 244 Ala. 88, 11 So.2d 850 (1942); Long v.Holden, 216 Ala. 81, 112 So. 444 (1927).
Looking to the definition of the disputed phrase, we fail to find any basis for setting aside the decision of the trial court. The courts of this state have not ruled on the meaning of the words "any reason." The courts of our sister states Georgia and Texas, however, have made such rulings. The Court of Appeals of Georgia held, in Wright v. Stewart,22 Ga. App. 655, 97 S.E. 193 (1918), that the words "any reason," used there in a statute stating in pertinent part "if for any reason the business of the court cannot be disposed of in one day, such court may hold over from day to day," meant for any reason whatsoever, whether related to court business or not. In Longv. State, 59 Ga. App. 389, 1 S.E.2d 32, 32 (1939), that same court held that "`[a]ny reason' . . . does not mean a good reason or a valid reason." The Court of Civil Appeals of Texas construed "any reason" in Hime v. City of Galveston,268 S.W.2d 543 (Tex.Civ.App. 1954). The Texas court held there that the words used in the phrase must be given their ordinary meaning. The ordinary meaning of "any" is "each," "every," or "all." The contract we are concerned with here provided that the employee would not be entitled to commissions earned but not paid as of the date of termination of his employment, whether the employment was terminated voluntarily, for cause, or for any reason. If the phrase "for any reason" is to have any effect, its meaning must be different from both "voluntarily" and "for cause." Otherwise, the phrase "for any reason" would be mere surplusage.
The plain language of the contract pertinent to this action clearly absolved Hill-Soberg from liability for commissions to be paid to the plaintiffs after their employment with Hill-Soberg was terminated. The trial court, therefore, did not err in granting Hill-Soberg's motion for summary judgment, and we affirm.
AFFIRMED.
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.