On Application for Rehearing
The application for rehearing is overruled.
The opinion issued in this case on April 9, 1982, is corrected and revised so that the opinion now reads as follows:
National Security Fire and Casualty Company, Inc., (NSFC) and William Feazell appealed from a judgment entered on a jury verdict in favor of the plaintiff James Vintson involving coverage under a fire insurance policy.
Vintson had contacted NSFC about obtaining life insurance and was visited by Feazell, a debit agent for NSFC, on June 10, 1980. Feazell returned to the plaintiff's residence on June 18, 1980, in response to the plaintiff's interest in purchasing fire insurance on his mobile home. Feazell filled out an application for the fire insurance during that visit, and Vintson paid the initial premium.
There is a conflict in the testimony regarding the conversation between Vintson and Feazell on this date. Vintson testified that Feazell assured him that he had fire insurance coverage from that point in time and that, as long as he had his premium receipt, it was as good as his policy. The testimony of Vintson's son and daughter, who were also present during the solicitation of the application, attribute these same statements to Feazell. Feazell denies that any such representations were made. At the trial, NSFC's vice president testified that no policy of insurance was binding until the application was favorably passed on by the company, the policy was issued, and delivery was made to the insured.
On June 22, 1980, Vintson's mobile home was extensively damaged by fire. Vintson contacted NSFC's Anniston office superintendent, Mary Morton, and advised her of the loss of the mobile home. She informed him that she doubted that NSFC would provide coverage because the application had only been received by NSFC, and no policy had been issued. She then called NSFC's home office and advised them of Vintson's claim. NSFC denied coverage under the policy and refunded the premium.
An NSFC employee, Jimmie Smith, testified about a message from another employee, Pat Henderson, concerning Morton's call to NSFC. The message indicated that Morton requested a refund of the premium. Morton denied making such a request. Smith testified that she refunded the premium because the application for insurance had not been fully processed at the time of the fire, although all that remained to be done was to assign a permanent number, issue a policy, and then verify the information contained therein.
Vintson filed suit in the circuit court of Calhoun County, claiming damages for breach of contract in one count, and alleging fraud and misrepresentation in another. The jury returned a verdict in his favor on both counts. The verdict was delineated into two parts, one for breach of contract in the sum of $20,000, and one for fraud in the sum of $15,000. Vintson had testified at trial that he only had coverage under the policy in the amount of $7,000, and the insurance application form verifies that fact. When their motion for a new trial was denied, the defendants appealed.
There are two issues crucial to the disposition of this appeal. They are: (1) Should Vintson be allowed to recover for both breach of contract and fraud; and (2) is the amount of damages excessive as a matter of law?
There are a number of situations in our law whereby a plaintiff may derive benefits from a contract and yet still recover for tortious action concerning the contract, such as misrepresentation and deceit. There is a line of cases wherein the facts show misrepresentations concerning the goods that the buyer purchases; e.g., a buyer purchases a horse that the seller maintains has two good eyes, and the buyer later discovers that one of the eyes is blind. In this type of situation, the buyer need not forego the benefit received under the contract in order to sue for the misrepresentations. See,Mutual Savings Life Insurance Company v. Osborne, 245 Ala. 15, *Page 51 
15 So.2d 713 (1943); Moore v. Oneonta Motor Company, 223 Ala. 510,137 So. 301 (1931); Fairbanks, Morse and Company v. Dees, 220 Ala. 41,126 So. 624 (1929).
Analogous are the cases involving an allegation of bad faith failure to pay insurance benefits wherein a factual situation may reveal an insurance agent's misrepresentations to a buyer that an insurance policy will cover a buyer regardless of a particular medical history that usually would preclude coverage. If the insurance company later refuses to pay, that case may lend itself to allow the buyer to recover not only under the contract itself, but also for the tortious bad faith refusal to pay under the policy. Chavers v. National SecurityFire and Casualty Company, 405 So.2d 1 (Ala. 1981).
In the above factual situations where benefit is obtained not only for tortious conduct but also under the contract itself, the existence of the contract was not disputed. Such is not the case here.
We hold that in the narrow situation, such as the one in this case, where the plaintiff claims misrepresentation in the inception of the contract, i.e., where the agent misrepresents the moment in time that the policy will take effect, the plaintiff has the right to present his case to the jury under either a breach of contract theory or the tort of misrepresentation or both, because the same facts could support a finding that the contract did exist, even though the agent misrepresented the time of its inception.
The plaintiff may then elect to submit either theory, or both, to the factfinder, ARCP 8 (a), with the proper instructions by the court to the jury that it must determine whether one, or both, of these theories are supported by the evidence, if at all. If the jury returns a verdict for the plaintiff, it may only award damages under one of the theories, not both. However, the choice rests with the jury. See, USFGv. McKinnon, 356 So.2d 600 (Ala. 1978).
Allowing the factfinder to elect the theory under which it may award damages, even if the facts support the existence of a contract, will preclude a situation where a defendant insurer's agent can misrepresent the fact of coverage, and yet be assured that the plaintiff can only recover contract damages.
We point out that this decision in no way conflicts with our holding in Gulf Oil Corporation v. Spriggs Enterprises, Inc.,388 So.2d 518 (Ala. 1980). In that case, we said:
 "Spriggs is not entitled to have the Prince agreement specifically enforced and, at the same time, recover damages for fraud. Although the trial court seems to have ordered specific performance in a modified form, this too is inconsistent with the jury verdicts either based on tort or on breach of contract.
 "We do not mean to suggest to Spriggs which of the remedies available it must elect. We hold only that it cannot have both the relief granted by the trial court and the jury verdict as well.
 "On retrial, the plaintiff must make an election at the latest before the case goes to the jury as to which of its inconsistent theories it elects to proceed on."
388 So.2d at 521. Gulf, supra, involved claims for both legal and equitable relief in a situation where there was no factual question as to the existence of a contract. In the case before us, the plaintiffs' two theories are both actions at law rather than actions at law and equity. Also, there is a question of fact as to whether a contract exists. Therefore, it is not improper in this case to submit both to the jury, under proper instructions that it can return a verdict consistent with only one of the theories, if applicable, but not both.
This case turns on whether or not the jury believes that Feazell, as agent for NSFC, represented to Vintson that he was covered from the time of the payment of the premium and whether Vintson relied on such representations. If the jury believes those facts, then NSFC is estopped to deny that Vintson was covered under the policy. Feazell could also be guilty of misrepresentation. If the jury so finds, it could return a verdict based either on the contract or on the tort. If the jury does not believe that *Page 52 
Feazell made the representations, then that precludes a finding of either a breach of contract or fraud.
Vintson argues that Aspinwall v. Gowens, 405 So.2d 134 (Ala. 1981), permits both verdicts to stand. There, the defendant's agent sold the plaintiff a medical insurance policy which was eventually voided by the defendant, who claimed the policy would not have been issued if the plaintiff's diabetic condition had been known by the company.
In the trial, the plaintiff asserted that, although she told the defendant's agent that she had diabetes, kidney stones, and high blood pressure, he said that he would "fix it where it would definitely pay." This Court affirmed the jury verdict for both fraud and breach of contract in Aspinwall, supra. However,Aspinwall is not controlling in this case because the Court in Aspinwall submitted not only claims for breach of contract and fraud to the jury, but also a claim for bad faith refusal to pay. A careful reading of the record in the case before us reveals that, although Vintson in his complaint included claims for breach of contract, fraud, and bad faith refusal to pay, the trial court, through the manner in which it explained the court-prepared verdict forms to the jury, actually submitted the case without objection to the jury only on the breach of contract and fraud theories. A verdict under the claim of bad faith must necessarily find liability in contract for benefits currently due because the tort of bad faith refusal to pay a valid insurance claim is so defined that, unless the plaintiff is entitled to recover on the contract, a bad faith claim cannot be maintained. However, that is not the case here.
We hold that the verdict of $20,000 on the contract claim is excessive as a matter of law. Vintson himself testified that the insurance coverage was only for $7,000. The court charged the jury as to damages for mental anguish due to breach of contract, and Vintson asserts that the remaining $13,000 of the award was proper on that basis. We cannot agree.
The general rule in this state is that mental anguish is not a recoverable element of damages arising from breach of contract. B M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979); Sanford v. Western Life Insurance Company, 368 So.2d 260
(Ala. 1979); Stead v. Blue Cross-Blue Shield of Alabama,346 So.2d 1140 (Ala. 1977). There are exceptions to this rule, which are ably set out by Justice Embry in B M Homes, Inc. v.Hogan, supra, but the facts of this case do not fall within them. Consequently, the verdict on the contract claim is excessive in the amount of $13,000.
The judgment appealed from is reversed, and the cause is remanded for a new trial.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING OVERRULED. OPINION CORRECTED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, EMBRY, BEATTY and ADAMS, JJ., concur.