SHORES, Justice.
The defendant, Gold Kist, Inc., appeals from a judgment entered against it on a verdict finding it liable for breach of contract and tortious misrepresentation by mistake.
Gold Kist is the parent company of the Farmers Mutual Exchange of Hope Hull (Exchange), an agricultural cooperative set up by Gold Kist to market its products in the area near Hope Hull, Alabama. In 1978, the Exchange was managed by Cecil Christenberry, a licensed investment broker and an employee of Agvestments, Inc., another wholly-owned subsidiary of Gold Kist.
On August 8, 1978, after some preliminary negotiations, Christenberry sold an investment security to the Fords, the appel-lees. The Exchange issued a certificate, which states in part:
“This Acknowledges That
“FARMERS MUTUAL EXCHANGE
“OF
“HOPE HULL, INC.
“Hope Hull, Alabama
“a cooperative association organized under the laws of the State of Alabama, (the ‘Association’) for value received, hereby promises to pay to Charles F. Ford, III, and Gail C. Ford . .. the principal sum of $20,800.00 on July 31, 1992, and to pay interest thereon at the rate of *41 9% per annum on June 22nd of each year. This Certificate is issued under the authority of a resolution adopted by the Board of Directors of the Association, on July 12,1977, and is subject to the following terms and conditions.

“4. This Certificate may be prepaid at any time, without premium or penalty, in whole or in part, at the discretion of the Board of Directors.”
At the time the investment was made, the board of directors at the Exchange approved payments on the certificates. In early 1980, Gold Kist acquired the Exchange and assumed all its obligations. Thereafter, the board of directors of Gold Kist in Atlanta, Georgia, became the approving body.
The Fords subsequently ran into financial difficulties and decided to redeem the certificate for cash to pay off their debts. They approached Christenberry in early 1981. He advised them that he had no authority to cash the certificate, but he would relay their request to Gold Kist’s board of directors. The board refused to permit the payees to receive prepayment of the certificate.
The Fords filed suit against Gold Kist and Christenberry, alleging breach of contract and misrepresentation. Christenberry was voluntarily dismissed from the contract count at the close of the plaintiffs’ ease. Although judgment was entered against him for misrepresentation by mistake, he did not appeal.
The Fords claim that Christenberry, as the agent of Gold Kist, assured them that the certificate was fully redeemable prior to maturity. Mr. Ford testified that Christen-berry told them that any request to redeem the certificate had to be forwarded to the local board of directors, but there would be no problem in getting payment. The witness for the Fords, a friend of theirs who was present at the meeting at which the terms of the certificate were explained, corroborated Mr. Ford’s testimony. Mr. Ford denied being told that the board had to approve the redemption. It was his understanding that the board merely disbursed the funds and determined whether to charge a penalty for early redemption. Mrs. • Ford stated that her chief concern about the certificate was its redemption provision. Christenberry allegedly reassured her that her concern was needless because the certificate was fully redeemable at any time.
Christenberry, testifying on his own behalf and for Gold Kist, stated that early redemption was allowed only by board approval, but there was no penalty for it. He testified that he discussed all of the terms and conditions of the investment contract, and he believed that the Fords understood the contract, including the provision regarding early redemption.
The case was submitted to the jury, and a verdict was returned against Gold Kist for breach of contract, and against Gold Kist and Christenberry for tortious misrepresentation-by mistake. Apparently, the jury, which was instructed to determine what were the terms of this “partially written and partially verbal contract,” found that the contract called for redemption upon the demand of the certificate’s holder, without board approval.
The first issue before us is whether the trial court properly denied Gold Kist’s motion for directed verdict on the contract count.
Gold Kist’s position is that the contract requires board approval for premature redemption. It claims that the written contract is the only contract, and that it unambiguously states all of the contract terms, none of which were breached by Gold Kist when it refused to redeem the certificate. Gold Kist argues that it was, therefore, error for the trial court to deny its motion for directed verdict on this count.
The Fords claim that the “true” contract included a term providing that the certificate was fully redeemable prior to maturity upon the holder’s request, without board approval. When Gold Kist refused to redeem the certificate, they say, it breached the contract. The thrust of their argument *42 is that the contract, particularly paragraph four (reprinted above), is ambiguous. They argue that the paragraph has at least two meanings: That it can be interpreted to mean that the certificate is redeemable “at any time,” but a penalty for early redemption could be levied at the discretion of the board of directors; and that it could also mean that all early redemptions must be approved by the board. They contend that the first interpretation was the one intended to be adopted by the parties.
Evidence of oral promises, not expressly included in a written agreement, may be considered by the jury to assist it in interpreting a contract only if the trial court first determines that the contract is ambiguous. Wigington v. Hill-Soberg Co., 396 So.2d 97 (Ala.1981).
We cannot accept the interpretation urged upon us by the Fords, in the face of the plain meaning of the words and the precise punctuation of the paragraph. The meanings of the words themselves are clear and undisputed. The date of maturity is clearly and unambiguously stated on the certificate as being July 31, 1992.
If a contract is unambiguous, the court must determine the force and effect of the contract as a matter of law. Wigington v. Hill-Soberg Co., 396 So.2d at 98. Paragraph four simply states that regardless of the date of maturity, the certificate may be redeemed at any time at the discretion of the board, not at the discretion of the holder. It also clearly states that if the certificate is paid prior to maturity, there will be no penalty. We hold that, as a matter of law, this contract is unambiguous.
We hold that it was reversible error for the trial court to deny Gold Kist’s motion for directed verdict on the contract count. The written contract (the certificate) was unambiguous, and Gold Kist had not breached it by refusing redemption. Gold Kist also claims that the court failed to instruct the jury that justifiable reliance is a necessary element of tortious misrepresentation and must be found before holding Gold Kist liable on that count. A review of the record shows that the trial court did not adequately cover this element when it first charged the jury, but upon the jury's request, further instructions were given and they included charges on justifiable reliance. We hold that there was no error. Murray v. Alabama Power Co., 413 So.2d 1109 (Ala.1982).
Gold Kist did not otherwise challenge the jury’s verdict on the count of tortious misrepresentation. However, it does argue that there is reversible error because the trial court allowed the jury to return a verdict for breach of contract and tortious misrepresentation. It claims these verdicts were inconsistent, and the jury should have been instructed that it could not return a verdict for the Fords on both counts. Gold Kist’s requested charge to the jury to this effect was denied, and it argues that this, too, is error, requiring reversal. We agree.
Gold Kist cites National Security Fire and Casualty Co. v. Vintson, 414 So.2d 49 (Ala.1982), in support of its argument that the court erred in refusing to charge the jury that the Fords could not recover on both counts. In Vintson, the insured alleged that the insurer breached the contract of insurance when it failed to pay for a covered loss. He also claimed damages for the misrepresentation that the policy was in effect immediately, when, in fact, it was not effective until delivered. The policy had not been delivered prior to the date of the loss. We held that these theories were factually inconsistent. A verdict for the insured on the contract theory required a finding that a contract was in existence at the time of the loss. Alternatively, a verdict for the insured on the misrepresentation action required a finding that no contract existed. We held that both theories can be submitted to the jury, but the jury must be instructed that if the verdict is for the insured, it can be only on one of the counts, not both. National Security Fire and Casualty Co. v. Vintson, 414 So.2d at 51. See, also, United States Fidelity & *43 Guaranty Co. v. McKinnon, 356 So.2d 600 (Ala.1978).
In this case, there is no question about the existence of a contract. Both sides acknowledge that a contract was made. They disagree only on the issue of its ambiguity. We have held that the contract is not ambiguous and, therefore, parol evidence is inadmissible to vary its terms. However, the parties are at odds as to whether the contract was procured through the fraud or misrepresentation of Christen-berry. The Fords are entitled to attempt to prove this alleged tort by parol evidence.
Because the trial court erred in denying Gold Kist’s motion for directed verdict on the contract claim and because it also erred in refusing Gold Kist’s requested charge number ten, the judgment must be reversed, and the cause remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.