**COMBINED SERVICES, INC.,**
**Plaintiff–Appellee,**

v.

**LYNN ELECTRONICS CORPORATION,**
**Defendant–Appellant,**

**Phillip A. Yampolsky, etc., et al., Defendants.**

**No. 88–7503.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 14, 1989.

---

Harry Cole, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., for defendant-appellant.

John T. Alley, Jr., Kendrick E. Webb, Webb, Crumpton, McGregor, Sasser, Davis & Alley, Montgomery, Ala., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, JOHNSON, Circuit Judge, and ESCHBACH [*], Senior Circuit Judge.

TJOFLAT, Chief Judge:

This case involves a contract between Lynn Electronics Corporation (Lynn), a seller of telephone parts, and Combined Services, Inc. (CSI), a telephone manufacturer.[1] In 1986, Lynn agreed to sell eighty cartons

[*] Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

**1.** The contract evolved out of prior litigation between Lynn and CSI, which is not relevant to the present dispute.

of telephone cords to CSI in return for payment of approximately $30,000. Lynn never delivered the telephone cords, however, and CSI sued for breach of contract and also for fraud, alleging that Lynn induced CSI to enter into the contract by willfully misrepresenting that it had the telephone cords in stock and intended to deliver them. The district court granted summary judgment in favor of CSI on the issue of Lynn's liability for breach of contract and convened a jury trial to decide the issue of contract damages as well as CSI's fraud claim.[2] Following the trial, the jury awarded CSI $33,633.18 in compensatory damages for breach of contract, the amount of CSI's payments to Lynn under the contract plus prejudgment interest, and an additional $150,000.00 in punitive damages for fraud.[3]

On appeal, Lynn challenges this damages award for the fraud claim on the ground that CSI's recovery for both breach of contract and fraud is legally inconsistent. We disagree. Under Alabama law, a party may recover judgment in an action at law for both breach of contract and fraud.

## I.

Alabama courts have consistently held that, where a party fraudulently conceals or misrepresents facts relating to its intention or ability to perform under a contract, "a single transaction can support an award of damages for both breach of contract and fraud." *Deupree v. Butner*, 522 So.2d 242, 244 (Ala.1988); *see Herring v. Prestwood*,

414 So.2d 52, 57–58 (Ala.1982); *see also National Sec. Fire & Cas. Co. v. Vintson*, 414 So.2d 49, 50–51 (Ala.1982). In such cases, a plaintiff is not required to elect between contract and fraud remedies. *Herring*, 414 So.2d at 58; *see Deupree*, 522 So.2d at 244.[4] In *Deupree*, for example, a plaintiff purchased a townhouse, which was to include a boat slip, from a developer who fraudulently concealed facts about the difficulty of obtaining the permits necessary in order to build the boat slip. The court held that the plaintiff could recover for both breach of contract and fraud. 522 So.2d at 244–45. Similarly, in *Herring*, a defendant sold a plaintiff an option to purchase some farm land, but the defendant fraudulently suppressed the fact that he had no intention of selling the land after signing the option. In that case as well, the court allowed the plaintiff to recover for both breach of contract and fraud. 414 So.2d at 57–58.

These cases control our disposition of the present case. Here, as in *Deupree* and *Herring*, the defendant fraudulently misrepresented facts concerning its intention and ability to perform obligations under a contract. As the District Court found in its summary judgment order, Lynn entered into the contract knowing that it had no telephone cords to ship and breached the contract when it failed to deliver any telephone cords. CSI reasonably relied on Lynn's misrepresentations and, as a result, was induced to enter into the contract. Following *Deupree* and *Herring*, we there-

---

2. The compensatory damages were the same for both the contract and fraud claims.

3. The trial court instructed the jury that it could not return compensatory damages on CSI's fraud claim. The jury thus awarded CSI punitive damages for fraud without awarding even nominal compensatory damages on the fraud claim. Under Alabama law, a party must receive at least nominal compensatory damages on its fraud claim in order to recover punitive damages for fraud. *See Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So.2d 916, 925 (Ala.1981); *cf. Deupree v. Butner*, 522 So.2d 242, 245 (Ala.1988) (approving trial court's jury instruction). Lynn, however, raised no objection at trial to the court's jury instruction; nor does it challenge the punitive damages award on this ground in

its appeal. We, therefore, do not address the issue.

4. Of course, the bar against double recovery, *see Deupree*, 522 So.2d at 244–45, would prevent the plaintiff from recovering the same compensatory damages twice, under both the fraud and breach of contract theories. The plaintiff could recover compensatory damages only once, under *either* the fraud or breach of contract theory (if he were to win on both claims, the awards would merge). In addition, he can recover punitive damages under the fraud count (with an award of nominal compensatory damages for fraud if the primary compensatory damages award was for the contract claim, *see supra* note 3).

fore hold that CSI was entitled to recover for both breach of contract and fraud.

## II.

Lynn claims, however, that the *Deupree* and *Herring* line of cases does not control the present case. Rather, Lynn argues that this case involved fraud in the inception of a contract—for which the remedy is inconsistent with the remedy for breach of contract—and that CSI therefore had to elect between fraud and contract remedies.

Fraud in the inception of a contract occurs when a party misrepresents a contract's effective date—a misrepresentation of law as opposed to a misrepresentation of material fact as discussed above. *See U.S. Fid. & Guar. Co. v. McKinnon*, 356 So.2d 600, 607 (Ala.1978); *Vintson*, 414 So.2d at 50–51; *see also Deupree*, 522 So.2d at 244; *Herring*, 414 So.2d at 57–58. For example, in *McKinnon* and *Vintson*, insurance agents represented that the plaintiffs' policies would take effect immediately, but the policies did not actually take effect until delivery. When the plaintiffs suffered losses prior to delivery of their policies, the insurance companies refused to pay their claims. The plaintiffs sued under both fraud and contract theories, hoping under either theory to recover the equivalent of what the policies would have paid.[5] As both the *McKinnon* and *Vintson* courts held, contract and fraud theories are inconsistent in such cases: a verdict in favor of the plaintiff on the fraud claim means that no contract existed, and a verdict on the contract claim means that no fraud occurred. In such a case, therefore, a plain-

tiff must elect between fraud and contract remedies. *See Deupree*, 522 So.2d at 244; *Vintson*, 414 So.2d at 51–52; *McKinnon*, 356 So.2d at 607–08.[6]

The present case, however, is not a fraud-in-the-inception case. Lynn's misrepresentations were not misrepresentations of law regarding the contract's effective date. Rather, they were misrepresentations of fact regarding Lynn's intention and ability to perform its obligations under that contract. We therefore reject Lynn's argument that this case involved a fraud-in-the-inception claim, in which case Alabama law would have required CSI to elect between fraud and contract remedies.

## III.

The present case involved misrepresentations of fact, not of law. CSI reasonably relied on those misrepresentations and, as a result, was induced to enter into a contract with Lynn. Under these circumstances, Alabama law allows CSI to recover for both breach of contract and fraud. The judgment below is therefore

AFFIRMED.

---

5. This doctrine of fraud in the inception, which has arisen only in these two insurance cases, is actually a legal fiction enabling a plaintiff to stand on his bargain. Because an insurance policyholder has no way of knowing whether his policy has taken effect, he justifiably relies on an insurance agent's representation about the policy's effective date. The doctrine of fraud in the inception protects an insured who has relied on such a representation by, in effect, estopping the insurance company from asserting that the policy is not yet in effect. The fraud-in-the-inception doctrine thus gives the policyholder the benefit of his bargain, a measure of compensatory damages identical to what

the policyholder would have recovered on his contract claim or under the policy itself, as opposed to returning him to the status quo ante by awarding him merely a refund in the amount of his premium payments.

6. Alabama law allows a plaintiff to present his case to a jury under both theories. The jury may then find for the plaintiff under either theory or both, but can award damages only under one of the theories. Thus, the jury makes the final election of remedies. *See Vintson*, 414 So.2d at 51.