591 So.2d 464 (1991)
Ex parte Ida Mae KING, as legal guardian and next friend of Theodore King.
(re Ida Mae King, etc. v. Cooper Green Hospital, et al.)
No. 1901791.
Supreme Court of Alabama.
December 13, 1991.
*465 Robert B. Roden and Richard L. Jones of Roden & Hayes, P.C., Birmingham, for petitioner.
W. Stancil Starnes, Walter W. Bates and Sybil Vogtle Abbot of Starnes and Atchison, Birmingham, for respondent.
INGRAM, Justice.
The plaintiff, Ida Mae King, as legal guardian and next friend of her son, Theodore King, and as administratrix of his estate, petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to allow her to maintain two alternative, inconsistent, and mutually exclusive claims against the defendants. The trial court granted a motion by the defendants requiring the plaintiff to elect between the prosecution of a survival claim for personal injury or the prosecution of a claim for wrongful death. However, the trial court delayed any further action in the case, so as to allow the plaintiff to bring the issue before this Court in a mandamus proceeding.
The underlying suit from which this mandamus proceeding stems was initiated by King in 1986. In the original complaint, King alleged that Theodore suffered personal injury as the result of the alleged malpractice of two physicians at Cooper Green Hospital. The physicians had treated Theodore in the Cooper Green emergency room on two occasions during the winter of 1985; in March 1985, Theodore was diagnosed as having a subdural empyema. After Theodore's death in June 1990, King amended the original complaint to include a claim that the defendants had wrongfully caused his death.
Prior to trial, the defendants moved for an order requiring King to elect between the prosecution of the survival claim for personal injury and the wrongful death claim. On the day set for trial, the court granted the defendants' motion regarding election, and this petition followed. The issue raised in this petition is whether a writ of mandamus should issue to the Jefferson Circuit Court directing it to vacate its prior order requiring King to elect between the two alternative, inconsistent, and mutually exclusive claims contained in her complaint.
Before turning to our analysis of the issue before us, we note that mandamus is an appropriate remedy when there is a clear showing that the trial court has abused its discretion by exercising that discretion in an arbitrary and capricious manner. Ex parte Rogers, 533 So.2d 245 (Ala. 1988). However, mandamus is a drastic and extraordinary writ that will not be issued unless the petitioner has a clear and indisputable right to a particular result. Ex parte Rudolph, 515 So.2d 704 (Ala. 1987).
In her petition, King alleges that the trial court abused its discretion in requiring her to elect between the survival claim for personal injury and the wrongful death claim. ;King concedes that she can recover under only one of the two alternative, inconsistent claims stated in her complaint; however, she argues that under Alabama case law and the Alabama Rules of Civil Procedure she is entitled to present evidence on both claims to the jury and allow the jury to decide which of the two claims, if either, is supported by the facts as the jury finds them.[1] King contends that the jury should have the discretion to choose between the claims based on the facts as found by it after it has heard all of the evidence on both claims.
King asserts that the evidence that she will present at trial indicates that Theodore received negligent treatment from the two physicians. However, King further asserts that from this evidence a jury could properly conclude that the actions of one or the other or both of the two physicians either *466 caused Theodore's death or caused him only personal injury.
The defendants, on the other hand, assert that under this Court's interpretation of Alabama's survival statute and wrongful death statute and under § 6-5-440, Ala. Code 1975, the trial court properly compelled King to elect between the prosecution of the two inconsistent claims alleged in her complaint. The defendants further argue that the issue of King's election between the two claims alleged in her complaint is moot because, they say, King has only one expert witness, who testified in a deposition that the decedent died as a result of the injuries allegedly caused by the defendants and they argue, therefore, that there is a total absence of proof as to the survival claim for personal injury.
Rule 8(a), A.R.Civ.P., provides:
"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for a judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded." (Emphasis supplied.)
Rule 18(a) reiterates the emphasized portion of Rule 8(a), as quoted above, by permitting the joinder of multiple claims within one lawsuit. Rule 18(a) states:
"A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternative claims, as many claims either legal or equitable, or both, as he has against an opposing party." (Emphasis supplied.)
Furthermore, in National Security Fire & Casualty Co. v. Vintson, 414 So.2d 49 (Ala.1982), this Court held that a plaintiff who asserted alternative, inconsistent, and mutually exclusive claims could not be required to elect a claim for recovery, but rather that the jury should elect whether the plaintiff could recover under either of the claims. The Court reasoned that the plaintiff could present the alternative claims to the jury because the same facts could have supported a verdict on either claim. Because the plaintiff could recover separately under either claim, the Court stated:
"The plaintiff may then elect to submit either theory, or both, to the factfinder, [A.R.Civ.P.] 8(a), with the proper instructions by the court to the jury that it must determine whether one, or both, of these theories are supported by the evidence, if at all. If the jury returns a verdict for the plaintiff, it may only award damages under one of the theories, not both. However, the choice rests with the jury."
Id. at 51.
Another case that we find to be on point is United States Fidelity & Guaranty Co. v. Warwick Development Co., 446 So.2d 1021 (Ala.1984). In that case, as in the present case, the plaintiffs were not requesting both forms of recovery, but rather were pleading and pursuing their claims for relief in the alternative. The Court first noted that Rule 8, A.R.Civ.P., is identical in relevant aspects to the corresponding Federal Rule of Civil Procedure. The Court then noted that the federal courts have, pursuant to Rule 8, consistently upheld the right of a plaintiff to try his case on alternative theories of relief by refusing to require a plaintiff to elect the theory upon which he or she would proceed. The Warwick Court further observed, however, citing National Security Fire & Casualty Co. v. Vintson, supra, that it need not rely solely on federal cases to decide the issue presented. Following a discussion of Vintson, the Court, in Warwick, stated:
"Our recent cases interpreting [A.R.Civ.P.] 8(a) clearly evidence an erosion of the former practice of requiring the plaintiff's lawyer to elect as between alternative remedies or theories of recovery."
446 So.2d at 1025.
From the provisions of the Alabama Rules of Civil Procedure set forth above and from our prior decisions interpreting those rules as they relate to the election of remedies, we conclude that there is no prohibition in the rules against King's pleading *467 two alternative, inconsistent, and mutually exclusive claims in her complaint. Although King may recover under only one or the other of the remedies, there is nothing in the rules requiring her to choose the claim that she will pursue at trial.
However, the defendants argue that even if the Alabama Rules of Civil Procedure provide that King cannot be forced to elect the claim under which she proceeds, the Alabama Legislature has specifically prohibited the prosecution of both an action for personal injury and an action for wrongful death against the same defendant for the same tort. The defendants argue that § 6-5-462 (the survival statute), § 6-5-410 (the wrongful death act), and § 6-5-440, when read in pari materia, prohibit King from proceeding to trial on the two conflicting, mutually exclusive claims alleged in her complaint.
Section 6-5-440 provides:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
We initially note, from the face of § 6-5-440, that it is inapplicable under the facts of the present case, because we are not concerned in this case with a plaintiff's attempting to prosecute two separate actions against the same party. To the contrary, King has simply asserted two alternative claims against the same parties in a single action. Therefore, while reading § 6-5-440 in pari materia with the survival statute and the wrongful death statute would prohibit an award of damages in King's favor on both the wrongful death claim and the personal injury survival claim, see Mattison v. Kirk, 497 So.2d 120 (Ala.1986), we hold that the provisions of those statutes do not require King to make an election at this stage in the course of the pending litigation as to which of the alternative claims alleged in her complaint she will pursue at trial.
Furthermore, as to the defendants' argument that the forced election is proper in this case because there is a total absence of proof by King as to the survival claim for personal injury, we find that argument to be irrelevant. This mandamus proceeding answers only the question of whether, procedurally, King is entitled in her complaint to maintain two alternative, inconsistent, and mutually exclusive claims. The defendants' argument, on the other hand, is addressed to the sufficiency of the evidence to support each of King's claims and is, therefore, more properly suited to summary judgment, directed verdict, or jury verdict.
We wish to clarify that we are not holding that because King may procedurally assert both claims she may also substantively maintain those claims. This petition for the writ of mandamus does not contemplate the sufficiency of the proof on the claims asserted in King's complaint, and that issue, therefore, is not addressed by this Court in this proceeding.
In conclusion, we hold that the trial court abused its discretion in ordering King to make an election between two alternative, inconsistent, and mutually exclusive claims and that a writ of mandamus is, therefore, due to issue.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., concurs in the result.
HOUSTON, Justice (concurring in the result).
There is no legal logic that can explain why these two claims are inconsistent and mutually exclusive. Only ill-reasoned, but consistently followed, precedent makes them so. When an act or omission, which is alleged to be negligent and to have proximately caused injuries and their attendant pain, suffering, disability, and expense, is alleged subsequentlyafter that period of pain, suffering, disability, and expenseto cause death, it is the same act or omission *468 that over time causes the ultimate injury, death. Our Constitution provides a right to a remedy for both the nonfatal injury and the fatal injury.
I am persuaded that a reevaluation of what I consider to be this Court's erroneous interpretation of Ala.Code 1975, § 6-5-410, is not one of the "felt necessities of the time." I can add no variety to what I must now perceive the majority of this Court considers as the irrelevance of my opinion on this. See Tatum v. Schering Corp., 523 So.2d 1042, 1047-63 (Ala.1988) (Houston, J., dissenting); the position I expressed in that dissenting opinion remains my position on § 6-5-410.
Instead, I turn to the source of our laws, which is not the common law of England, but the Constitution of Alabama of 1901. Ala.Code 1975, § 1-3-1.
Section 35 of the Constitution provides:
"That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property, and when government assumes other functions it is usurpation and oppression."
(Emphasis added.) In § 36 of the Constitution, to guard against any encroachments on the rights retained by the people and set out in §§ 1 through 35 of the Constitution, "we declare that everything in this Declaration of Rights is excepted out of the general powers of government, and shall forever remain inviolate." (Emphasis added.) Section 1 of the Constitution provides that there is a right to life; § 35 provides that the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life; and § 13 of the Constitution provides that "every person, for any injury done him, in his ... person..., shall have a remedy by due process of law."
Disregarding the common law's paradigm of a civil action for death (which we must do, because the common law of England is not the law of this state if it is inconsistent with the Constitution of this state), there is a right to life and a right to a remedy for an injury to the person guaranteed by the Constitution and excepted out of the general powers of government.
Why does this Court not accept that which the Constitution requires that it accept?
Do we believe that by violating a person's right to life we can thereby eliminate the remedy for that violation? Certainly, if we lead Alabamians down that corridor of mendacity, we are violating not only the letter and the spirit of § 35 of the Constitution but also § 36 of the Constitution, because we are ignoring a right and denying a remedy when the power to do so has been taken from us by the people.
As for me, from this day forward, I recognize that there is a constitutional right to life provided by the Constitution of Alabama of 1901 (§§ 1, 35) and that there is a right to a remedy (compensation) for an injury that causes the death of a person (§ 13) that I, as an Associate Justice of the Alabama Supreme Court, have no right to ignore (§ 36).
NOTES
[1] Although King concedes in her original petition for the writ of mandamus that she cannot recover under both a survival claim for personal injury and a wrongful death claim, she extends her argument in an amendment to her original petition, to ask this Court to overrule its prior decisions holding that a personal representative may not recover damages for both wrongful death and personal injuries. However, we decline to consider that issue, as it is not appropriate for adjudication in this case.